A. D. May, Sarah May, Joseph Sanders and Ann
J. Sanders, Plaintiffs in Error, vs. The State
of Florida, Defendant in Error.

The pushing open a door entirely closed is a sufficient breaking
to sustain a conviction on a charge of breaking and entering
a dwelling house with intent to commit a felony.

Writ of Error to the Circuit Court for Washington
County.

The facts in the case are stated in the opinion of the
Court.

*Liddon & Eagan* for Plaintiffs in Error.

*The Attorney General* for Defendant in Error.

Mabry, J.:

The plaintiffs in error and one James Hollins were
indicted under the statute for breaking and entering a
dwelling house with intent to commit a felony. Plain-
tiffs in error sued out a writ of error from the judgment
entered against them, and have assigned three grounds
of error in this court, but all are abandoned except the
third, which is that the court erred in overruling the
motion of defendants for a new trial. The only point
insisted on under this assignment is that the testimony
does not show a "breaking" into the house by the de-
fendants. The contention is that it is made to appear
from the testimony that the door of the house, through
which it is claimed the defendants entered, was not at
the time entirely closed, and that it would not consti-
tute a breaking under the statute for defendants to push
open a door not at the time entirely closed.

Two witnesses testified as to the situation of the door
when the alleged entry was made. One stated that the

door was closed, but had no fastening on it; that it was hard to shut or open, and when closed it had to be lifted up some to be opened.   It was a heavy plank door and dragged the floor in shutting, and was hard to open, and it took a hard pull to open it.   Witness states, in a general way, that defendants came to the house and broke in.   She also states that she shut the door and it was nearly together; you might get your hand between it.   The other witness, who was also sleeping in the house at the time, states positively that the door was shut, and the defendants shoved it open.   She states, "the door was entirely shut when May and his crowd came; you could not stick your finger between the door and the facing."   On this testimony we should not disturb the conclusion of the jury that the door was entirely closed when it was pushed open, as positive testimony to this fact was before them.   Conceding that there is some conflict in the testimony of the two witnesses, as to the position of the door, still the right of the jury to determine the conflict of evidence and the credibility of witnesses would settle the question in favor of a conclusion that the door was at the time entirely closed.   It is not insisted that, in cases of burglary, the pushing open of a door entirely closed, though not fastened, would not be a sufficient breaking.   Authorities cited by counsel for plaintiffs in error, as well as those referred to by the Attorney-General, hold that the pushing open of a door entirely closed would be a sufficient breaking to sustain a conviction, and this is, in our judgment, the law.   2 Bish. Crim. Law (8th ed.), § 91.

We find no error on the point insisted on here, and the judgment must be affirmed.

Enter judgment of affirmance.