PEYTON COOPER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed January 23, 1922.

1. Where one is convicted upon an indictment charging him with breaking and entering the dwelling house of another with intent to commit a felony, to-wit: the larceny of property of more than the value of twenty dollars, and the court finds that the defendant is a suitable person to be committed, under the statute to the Florida Industrial School for Boys, and in the order committing the defendant recites that he was charged with breaking and entering with intent to commit a misdemeanor, the error in describing the offense in such order does not invalidate the judgment and sentence, but the judgment will be reversed with directions to amend the commitment in so far as to make it speak the truth as to the nature of the offense charged.

2. Pushing open a door entirely closed is a sufficient breaking to sustain a conviction for breaking and entering a dwelling house.

3. Possession of stolen articles so recently as fourteen days after the theft is sufficient evidence upon which to warrant the jury in inferring guilt on the part of the person in possession, in the absence of a satisfactory explanation of such possession of the stolen goods by him.

4. Evidence examined and found sufficient to support the verdict.

A Writ of Error to the Circuit Court for Lafayette County; M. F. Horne, Judge.

Judgment reversed with directions to amend the commitment.

*W. P. Chavous,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

ELLIS, J.—The plaintiff in error was convicted in the Circuit Court for Lafayette County upon an indictment charging him with breaking and entering the dwelling house of another with intent to commit a felony, the larceny of property of more than the value of twenty dollars. The court finding that the defendant was a suitable person to be committed to the Florida Industrial School for Boys, committed him to that institution for four years. In the order it was recited that the alternative sentence was three years in the State Prison at hard labor, that the defendant was charged with breaking and entering with intent to commit a misdemeanor. The error in describing the character of offense charged as being a breaking and entering with intent to commit a misdemeanor instead of a felony does not invalidate the judgment and sentence.

The punishment prescribed for the offense of breaking and entering with intent to commit a misdemeanor is a period of imprisonment in the State prison not exceeding five years. The offense charged in the indictment was more serious. Sentence to a term in the Industrial School in either case where the defendant is under the age of eighteen years, is authorized under Section 6318, Revised General Statutes, 1920. The form of the commitment in this case followed the form prescribed by Section 6320, Revised General Statutes.

T. A. Townsend was a witness for the State; he testified that the house entered was his dwelling house, that the house was entered during his absence, some clothing consisting of shoes, trousers, shirt, tie and other articles amounting in value to about forty-five dollars were stolen; a few days after the theft he met the defendant who was wearing some of the articles, shoes, socks and sock supporters. The defendant when confronted by the witness and asked where he got the shoes and socks, admitted that some of the other articles, the trousers, shirt, tie, etc., were in his trunk at home, and he told two stories as to how he acquired them. In one story he said that he bought them from a Jew at Branford; a little while later he said that he was plowing in a field and saw a boy crossing the field at a corner and who stopped near a stump; later the defendant went there to investigate, found the clothes and appropriated them; that the boy whom he saw was named Julius Cribbs.

The witness also testified that discovering that his house had been entered and the clothing stolen, tracked the defendant to the place where he lived. The track which the witness followed was made by the shoes which had been stolen from his house. On cross-examination the defend-

ant's counsel developed the following facts:   The witness left his house during the morning and returned late in the evening; the door to the house was not locked; it was "pulled to and latched."   There were no broken doors or windows, there "was absolutely no break whatever." That the witness did not see any one enter the house, and did not know who did the breaking; he merely caught the defendant "with the clothes on."   Defendant's counsel then asked the witness the following question:   "Whoever entered the house did. it without breaking?"   Objection by the State Attorney to this question was sustained, and the ruling is assigned as the first error.

There was no error in the ruling.   The cross-examination had shown that the entry was effected through the door.   It was closed and latched by a common knob lock. The latch had to be turned or lifted to open the door. The clothes were taken Tuesday; the witness missed them Saturday following, about the 28th day of May, 1921; he found the defendant in possession of them on .June 12th, following.

The pushing open a door entirely closed is a sufficient breaking to sustain a conviction for breaking and entering a dwelling house with intent to commit a felony.   See May v. State, ·40 Fla. 426, 24 South Rep. 498; Roberson v. State, 40 Fla. 509, 24 South. Rep. 474; Thompson v. State, 58 Fla. 106, 50 South. Rep. 507.   The question sought the witness' opinion as to whether such an entrance constituted a breaking in law.   Such opinion was inadmissible; besides the witness was permitted to testify that neither the windows nor doors of the house were broken in fact, nor were any planks ripped from the building.

Objection was made to an alleged confession by the defendant as made to the witness H. T. Townsend, father

to the person whose house was entered. The testimony was not as to a confession, but as to an exculpatory statement made by the defendant in the presence of the two Townsends. While the necessary facts were shown as to the voluntary character of the statement to warrant the admission in evidence of a confession, the statement made was not a confession, but a mere explanation of the defendant's possession of the stolen articles.

There was no error in that assignment. The mere possession of the stolen articles so recently after the theft, about fourteen days was sufficient evidence upon which to warrant the jury in inferring guilt of the accused. His statement was exculpatory, in that it was an explanation of how he came into the possession of the goods.

The fourth assignment of error questions the sufficiency of the evidence to support the verdict. A discussion of the evidence in detail would be of no service. It consisted principally in the circumstances of finding the defendant in possession of the stolen property and the explanations he gave as to that possession, which the jury did not believe. The question of veracity between him and Julius Cribbs was decided by the jury in favor of the latter. The evidence was ample to warrant the conclusion that the entrance was effected by opening a door that was latched, which in law constitutes breaking.

The judgment is reversed with directions to amend the commitment in so far as to make it speak the truth as to the nature of the offense charged.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.