84 So.2d 42 (1955)
B. Babe SHARGAA, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Special Division A.
December 20, 1955.
Taylor, Boehme & Yocom, Miami, for appellant.
*43 Richard W. Ervin, Atty. Gen., Bart L. Cohen, and Jos. P. Manners, Asst. Atty. Gen., for appellee.
TERRELL, Justice.
Appellant was tried and convicted in the Criminal Court of Record, Broward County, on the following information:
"* * * that B. Babe Shargaa on the 24th day of December A.D. 1953, in the County and State aforesaid, did then and there unlawfully utter, issue and deliver to Bernard Goldman a check and written order on a bank for the payment of money, which said check and written money order is in words and figures following, to-wit:
 "No. 2359
 Miami Beach, Florida
 Dec. 24, 1953
Pay to the Order of Bernard Goldman $100.00
The Sum ... . 100 Dols 00 Cts Dollars
 Miami Home Improvement Company
 /s/ B. Babe Shargaa
The Miami Beach First National Bank Miami Beach, Florida
the said defendant well knowing at the time of so uttering, issuing and delivering such check and written order that the maker and drawer thereof did not have sufficient funds on deposit in or credit with such bank sufficient to meet and pay the same on presentation, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."
He was adjudged to be guilty, was sentenced to serve three months in the county jail and has appealed from that judgment.
The first question is whether or not in a prosecution for uttering a worthless check, when the state's only witness testified on direct examination as to a "business arrangement" with defendant, should the court on cross-examination preclude defendant from further examination as to said arrangement.
The record does not justify the question proposed but rather tends to show that the attorney for appellant was permitted to submit the "business arrangement" of defendant and the witness to the jury. The evidence shows that defendant managed the financial affairs for repair and remodeling several houses owned by a Miss Annie Johnson. It appears that appellant paid the prosecuting witness from week to week certain amounts to cover weekly bills and payroll for construction work. Appellant did not show the relevance of the business arrangement. The transcript shows that he was permitted to go into the business arrangement sufficiently to satisfy said requirements on cross-examination. If he wanted more, he should have made the prosecuting witness his own.
The second question is whether or not the evidence of guilt under the statute was such that the court should have directed a verdict for the defendant.
Section 832.05(2), Florida Statutes, F.S.A., is as follows:
"It shall be unlawful for any person, firm or corporation to draw, make, utter, issue or deliver to another any check, draft, or other written order on any bank or depository for the payment of money or its equivalent, knowing at the time of the drawing, making, uttering, issuing or delivering such check or draft that the maker or drawer thereof has not sufficient funds on deposit in or credit with such bank or depository with which to pay the same on presentation; * * *."
The state proved the issuance of the check in question, that the prosecuting witness deposited it in his bank account and that it was returned marked "insufficient funds." It was offered in evidence. This was sufficient to prove the state's case under the quoted statute.
Section 832.05(5), Florida Statutes, F.S.A. (1953 worthless check act), also *44 has a bearing on the question, the pertinent portion of which is as follows:
"* * * In all prosecutions under this section, the introduction in evidence of any unpaid and dishonored check, draft or other written order, having the drawee's refusal to pay stamped or written thereon, or attached thereto, with the reason therefor as aforesaid, shall be prima facie evidence of the making or uttering of said check, draft, or other written order, * * * or the drawing, making, uttering or delivering of a check, draft or written order, payment of which is refused by the drawee, shall be prima facie evidence of knowledge of insufficient funds in or credit with such drawee; * * *."
Under this statute, it is immaterial whether any consideration was given for the check or whether it was ultimately redeemed by appellant. The statute also makes the introduction of the check prima facie proof of scienter. Appellant contends that the information fails to charge a crime, in that it does not allege affirmatively that the money to meet the check was not in fact on deposit. There is no merit to this contention. The information alleges that "said defendant well knowing at the time of so uttering, issuing and delivering such check and written order that the maker and drawer thereof did not have sufficient funds to meet and pay the same on presentation."
It is last contended by appellant that the "meat" of the case is the distinction between the utterance of a civilly and a criminally worthless check. If there is a difference appellant does not point it out.
Section 832.05(5), Florida Statutes, F.S.A., appears to answer this contention. The constitutional validity of the worthless check act or the prima facie presumption created therein is only indirectly raised though the question is not materially different from the second question raised. The constitutionality of a "prima facie presumption" statute was recently discussed in Jefferson v. Sweat, Fla., 76 So.2d 494, 497. In that case, on petitition for rehearing, appellant was released for failure of the state to prove corpus delicti but the applicable part of the opinion to the present case was not disturbed. There is no question that the corpus delicti was proven here. Prima facie presumption goes only to establish guilty knowledge and not corpus delicti.
The judgment appealed from must be, and is hereby,
Affirmed.
DREW, C.J., and ROBERTS and O'CONNELL, JJ., concur.