137 So.2d 625 (1962)
Robert Earl SCOTT and Elmer K. Smith, Appellants,
v.
STATE of Florida, Appellee.
No. 2811.
District Court of Appeal of Florida. Second District.
February 9, 1962.
*626 Joseph E. Johnston, Jr., Brooksville, for appellants.
Richard W. Ervin, Atty. Gen., and Robert R. Crittenden, Asst. Atty. Gen., for appellee.
WHITE, Judge.
Appellants, Robert Earl Scott and Elmer K. Smith, were charged by information with breaking and entering with intent to commit a misdemeanor, to-wit, petit larceny, under § 810.05, F.S.A. Consequent upon jury trial both defendants were convicted as charged. This appeal ensued.
The record reveals that on March 31, 1961 the defendants hitchhiked through Brooksville, Florida, enroute from Tampa to Kentucky. By afternoon they had proceeded some three miles north of Brooksville, walking in a drizzling rain, when they came upon a house by the road with a smaller house to the rear. They entered the smaller house by opening a back screen door. Inside the house they discovered, among other things, a bed and a bottle of whiskey. They drank some of the whiskey and went to bed.
Nellie Forabell was the absent occupant of the smaller house which the defendants entered. She returned to the premises about 5:00 o'clock the same day and prepared the evening meal for herself and her invalid husband in the larger house. About 10:00 o'clock P.M. she decided to retire to the smaller house where she was accustomed to sleeping. Upon opening the door she espied the defendants asleep in bed. The sheriff was notified and shortly thereafter two deputies arrived and aroused the defendants, who were still sleeping, and took them in custody.
The defendants, on appeal, urge reversal of their conviction on the ground that the evidence adduced at the trial was insufficient to sustain the verdict of the jury. It is clear from the record, one of the defendants having so admitted, that the defendants had opened the door of the house, entered therein and consumed a quantity of whiskey. The decisions indicate that it is properly within the office of the trying authority to determine that the force used by the defendants in opening the door was sufficient to constitute a "breaking" within the purview of § 810.05, F.S.A. See Boynton v. State, Fla. 1953, 64 So.2d 536, 548; Cooper v. State, 1922, 83 Fla. 34, 90 So. 693; 23 A.L.R. 109; May v. State, 1898, 40 Fla. 426, 24 So. 498.
It is contended that there was no evidence to support a finding of larcenous intent. However, as previously stated, the defendants admitted drinking the whiskey. This, we think, was sufficient to support a finding that they had an intent to commit petit larceny at the time they entered the house. Intent, being a state of mind, is not subject to direct proof and can only be inferred from circumstances. As noted in Jalbert v. State, Fla. 1957, 95 So.2d 589, 592:
"* * * In the absence of other evidence or circumstances, the best evidence of what he [defendant] intended to steal is what he did steal."
The defendants also urge reversal on the ground that the total accumulation of the state attorney's indulgence in sarcasm, improper statements, and cross examination *627 on immaterial matters, and the trial judge's lengthy instructions concerning the duty of the jury to pass on the facts and the province of the judge to set the penalty, deprived the defendants of a fair and impartial trial as constitutionally guaranteed. It is the total effect of the alleged improprieties that is the subject of complaint, although none of the protested remarks or instructions were properly preserved for appeal by seasonable objection or motion to strike.
Section 924.32, F.S.A. recognizes the right of the reviewing court in the interest of justice to consider things said or done that appear in the record, regardless of whether they have or have not been properly preserved for appeal. We have reviewed the statements, questions and instructions complained of and find no prejudicial error, either severally or in cumulative effect. See Florida Appellate Rule 6.16, 31 F.S.A.
Affirmed.
SHANNON, C.J., and SMITH, J., concur.