ON REHEARING
LILES, Judge.
Defendant’s Petition for Rehearing has alleged, among other things, that this Court dismissed his appeal in case numbered 7038 because defendant was adjudicated insolvent after the 90-day appeal period had expired. This was not the case. We originally decided to dismiss case numbered 7038 because defendant had improperly attempted to appeal five separate judgments in one notice of appeal. Defendant contends that the “prevailing practice and appellate case law” of this state is that where an appellant has attempted to appeal two or more separate judgments in a single notice of appeal he should be given leave to elect one judgment he wishes to have considered.
An examination of Rocklin v. State, 61 So.2d 484 (Fla.1952); Wilcox v. State, 171 So.2d 425 (D.C.A.Fla.1965); Carroll v. State, 171 So.2d 196 (D.C.A.Fla.1964), and other cases dealing with the subject, reveals that permitting an appellant to select one of his judgments to be considered by the appellate court is the “prevailing practice” in Florida. The case law on the subject certainly does not indicate that this policy is any sort of procedural or substantive right. However, in view of the fact that we have in the past allowed appellants such an election, we will do the same for defendant in this case and grant rehearing in case numbered 7038. In all other respects, defendant’s Petition for Rehearing is denied.
Defendant filed a notice of election, selecting one of the five judgments and convictions for our consideration. We will determine that case on the merits.
Defendant was charged by direct information with obtaining money or property in return for a worthless check in violation of § 832.05, Fla.Stats., F.S.A. He was tried before a jury and found guilty. An examination of the record reveals that the evidence presented was sufficient to sustain the verdict. See Shargaa v. State, 84 So.2d 42 (Fla.1955). Defendant’s judgment and sentence is therefore affirmed.
ALLEN, C. J., and SHANNON, J., concur.