SHANNON, Judge.
Petitioner has filed this petition for writ of certiorari seeking review of a decision of the Circuit Court for Manatee County.
Petitioner was tried in the county court in Manatee County on an information-charging him with the crime of passing worthless checks under Fla.Stat., Sec. 832.05, F.S.A. The jury found petitioner guilty and he was sentenced to a term of 90' days in the county jail.
The first question for our determination is whether this court has jurisdiction. The petitioner was tried in the county court for a violation, of Fla.Stat., Sec. 832.05, F.S.A. Under the Florida Constitution, .Art. V, Sec. 6, F.S.A., a circuit court has appellate jurisdiction in all civil and criminal cases arising in the county court, or before county judges’ courts, of all misdemeanors tried in criminal courts of record. A violation of Fla.Stat., Sec. 832.05, F.S.A., is designated as a misdemeanor in the statute itself, so the Circuit Court for Manatee County had appellate jurisdiction of this case. The circuit court affirmed petitioner’s conviction and he filed a petition for writ of certiorari in this court. Judgments rendered by a circuit court in the exercise of its final appellate jurisdiction may be reviewed by district courts of appeal through the procedure of certiorari. Fla.Const. Art. V, Sec. 5, Sub-sec. (3); Frazee v. Frazee, Fla.App.1966, 185 So.2d 484; Ellison v. City of Fort Lauderdale, Fla.1966, 183 So.2d 193; and Dresner v. City of Tallahassee, Fla.1964, 164 So.2d 208. Therefore, we have jurisdiction to determine whether or not the writ of certiorari should be granted.
Throughout the proceedings in the lower courts petitioner has contended that the statute under which he was convicted (Fla.Stat., Sec. 832.0J5, F.S.A.) is unconstitutional. In Ennis v. State, Fla. 1957, 95 So.2d 20, cert. denied, 355 U.S. 868, 78 S.Ct. 117, 2 L.Ed.2d 74, this statute was impliedly *219 held to be constitutional by the Florida Supreme Court. The opinion contains an excellent discussion of statutes of other states which are substantially the same as Fla. Stat., Sec. 832.05, F.S.A., and which have been held to be constitutional. See Shargaa v. State, Fla.1955, 84 So.2d 42. The purpose of these statutes and the Florida statute is to penalize persons for putting into circulation certain kinds of worthless commercial paper. There seems to be no constitutional prohibition against a legislative act ■of this nature.
We have considered each of petitioner’s points on appeal and have found them without merit. Therefore, we hold that Fla. Stat., Sec. 832.05, F.S.A., is constitutional. Accordingly, the petition for writ of cer-tiorari is denied.
ALLEN, C. J., and HOBSON, J., concur.