PIERCE, Chief Judge.
Appellant Wesley Honeywood appeals to this Court from a judgment and sentence entered against him in the Hillsborough County Criminal Court of Record consequent upon a jury trial and verdict finding him guilty under an information charging him with breaking and entering an office building in Tampa with intent to commit a felony.
Appellant Honeywood and an accomplice, one Clarence Cole, were informed against in the Hillsborough County Criminal Court of Record for breaking and entering a certain office building located in downtown Tampa on April 6, 1970, with intent to commit grand larceny. Upon plea of not guilty Honeywood was tried alone before a jury on September 3, 1970, resulting in a verdict finding him guilty as alleged in the information. In due course he was adjudged guilty by the Court and sentenced to serve a term of imprisonment in the State Prison. Honeywood appeals to this Court from said judgment of conviction and contends principally that while there may have been an “entering” established by the testimony there was insufficient evidence of a “breaking”. This contention is without merit in the light of the record lodged here.
Honeywood and his co-defendant Cole were observed by officers of the Tampa Police Department on April 6, 1970, at *23 about 1 o’clock in the early morning of said date climbing down a rear drain pipe on the back end of an office building on Morgan Street in downtown Tampa. Upon reaching the ground Honeywood made a break and tried to run away but one of the officers caught him a short distance away and put him under arrest. He was never more than a few feet in front of the officer during the time they were running. Cole, the accomplice, was later arrested and at the trial of Honeywood he turned State’s evidence and testified against Honeywood. Neither Honeywood nor any other witness testified in his behalf.
From the uncontradicted testimony of the State, including that of co-defendant Cole, it was established that Honeywood and Cole in the nighttime climbed up the drainage pipe in the rear of the building to the roof of the building, thence across the roof to an outside window which they entered. They walked in the hallway inside the building and thence into a business office used and occupied by a private firm which had the management of the building and its tenants. The door of the office from the hallway was closed but they gained entrance by opening the door. Upon the inside of the office they broke open a safe with a hammer and a “punch”. Something over $1,000 in cash, numerous checks, promotion pens, and other personal office items were taken from the safe and later connected up with Honeywood. The evidence was ample to convict.
The contention of Honeywood that the evidence may have been sufficient to prove entry but not breaking is clearly without merit. The evidence here showed that the burglars went through a closed window from the roof to gain access to the inside of the building and later went through a closed door to gain access to the inside of the office where the safe was cracked open. This is ample to show a sufficient breaking under Cooper v. State, 1922, 83 Fla. 34, 90 So. 693, and May v. State, 1898, 40 Fla. 426, 24 So. 498, in which cases it was held that the mere pushing open of a closed door is a sufficient breaking to sustain a conviction for breaking and entering.
The judgment of conviction is thereupon—
Affirmed.
LILES and McNULTY, JJ., concur.