PER CURIAM.
Appellant, John Marshall Skold, seeks review of the judgment and sentence of the Criminal Court of Record for Dade County, Florida, entered by the trial judge after appellant was found guilty in a non-jury trial of possession of heroin and narcotics paraphernalia.
The record reflects that two Dade County Public Safety officers observed defendant and another man through the open door of a public restroom kneeling on the restroom floor then get up and exit the building. Following this, the officer first to enter the restroom found a syringe on the floor. The other officer then entered the restroom and confiscated from the spot where the two men had been kneeling, matches and a spoon containing what he suspected to be heroin. There were no other people in the restroom and no one else within a radius of thirty to forty feet of the building.
Appellant contends that the trial court erred in finding him guilty because the state failed to establish knowledge, custody or control of the contraband.
The evidence is sufficient to warrant the conclusion that defendant knew of the presence of the narcotics and that he had the ability to reduce it to his personal dominion, hence the unlawful possession within the meaning of F.S. § 398.03, F.S.A. Briggs v. State, Fla.App.1972, 262 So.2d 451, Third District Court of Appeal; Spataro v. State, Fla.App.1965, 179 So.2d 873.
 Intent to commit a felonious act, being a state of mind, is often not subject to direct proof and can only be inferred from the circumstances by the trier of fact. Jones v. State, Fla.App.1966, 192 So.2d 285; Scott v. State, Fla.App.1962, 137 So.2d 625. This court must assume that the trial judge believed the credible evidence most damaging to defendant and drew from the facts established, those reasonable guidelines resulting in conviction. Finding substantial evidence to support the trial judge’s finding of guilt, we are required to affirm. Tafero v. State, Fla.App.1969, 223 So.2d 564; Williams v. State, Fla.App.1966, 187 So.2d 913.
Affirmed.