McNULTY, Judge.
The principal question before us in this malicious prosecution action, is whether appellant Ross Car Rental, through its agent Branch, had probable cause to institute car theft proceedings against ap-pellee who had leased a car from them. The trial judge submitted the case to a jury which returned a verdict in favor of plaintiff-appellee; but appellants urge that, as a matter of law, sufficient probable cause existed and that they were entitled to a directed verdict. We agree.
It undisputedly appears that appel-lee leased the aforesaid automobile on May 24, 1971. The written lease agreement expressly provided that the automobile was to be returned on May 26, 1971. Although appellee testified that the return date was inserted after he signed the contract, he acknowledged that he was aware of the insertions, and, indeed, thereafter accepted a copy of the contract which contained the specified return date. He therefore cannot deny knowledge of such date; thus no jury question is presented on this point.
Additionally, it further undisputedly appears that appellee gave appellant his business and home addresses at the time the agreement was entered into; but it is also true that appellee vacated his home address on May 25, 1971, the day preceding the appointed return day.
Now needless to say, the automobile was not returned on May 26th as had been expressly provided for in the contract. Appellants’ agents then attempted to contact appellee at both addresses given as aforesaid but admittedly were told by employees at the business address that appellee had moved from the given residence address and that they did not know his whereabouts. On June 1, 1971, five days following the specified return date, the automobile still not having been returned, appellant Branch on behalf of Ross executed an affidavit charging appellant with auto theft. The criminal proceedings subsequently ended favorably to appellee [1] and this suit ensued.
Appellants rely essentially on the provisions of § 814.06, F.S. 1969, F.S.A., which reads in material part as follows:
"Presumption Of Intent.—It shall be pri-ma facie evidence of intent to deprive the owner of his property when any person :
* * * * * *
(5) Fails to return a rental or leased motor vehicle within seventy-two hours after the time and date agreed upon for the return of the vehicle, unless notification of the reason for delay has been made to the rentor or lessor.”
Appellee did not bring himself within the proviso of the foregoing subsection by giving notification of a reason for the delayed return of the automobile; but he bases his contention of no probable cause on past experiences with Ross, believing that his money deposit was good for seven days. Even if this were his belief, he didn’t act on it since he never did return the vehicle; and in any case we fail to see how appel-lee’s belief could have operated to negate probable cause in the minds of appellants in this case however significantly it may have inured to his benefit in the criminal proceeding in rebutting the statutory presumption. Moreover, and even if appel-lee’s belief might be relevant to appellants’ state of mind, the warrant was not sworn out until the eighth day after he took the car, so his “belief” had expired.
But be that as it may, there is simply nothing in the record sufficient to overcome the provisions of the above quot *669 ed statute upon which appellants, absent actual malice of which there is no evidence, had a right to rely. We are of the view, therefore, that under the facts herein probable cause existed pursuant to the statutory presumption as a matter of law. „ If we concluded otherwise the aforesaid statute would be but a sterile gesture. It follows that a directed verdict in favor of appellants should have been ordered.
Accordingly, the judgment appealed from is reversed; and the cause is remanded with directions that judgment be entered in favor of appellants and against appellee.
LILES, A. C. J., and HOBSON, J., concur. •

. There is considerable question herein as to whether the criminal proceedings were indeed terminated “on the merits,” as is required in these malicious prosecution suits. But in view of our disposition hereof on the issue of probable cause, it is unnecessary to decide the question.