327 So.2d 898 (1976)
Edward HEINEMAN and James Lehman, Appellants,
v.
The STATE of Florida, Appellee.
No. 75-482.
District Court of Appeal of Florida, Third District.
February 17, 1976.
Rehearing Denied March 23, 1976.
Phillip A. Hubbart, Public Defender, and Paul Morris, Miami, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellants, defendants below, appeal their adjudications of guilty and concomitant sentences for buying, receiving, or concealing stolen property and possessing more than five grams of marijuana.
A nonjury trial was held on March 23, 1973, at which time appellants were found guilty of the offense stated above. On May 4, 1973, the trial court adjudicated appellants guilty as charged and sentenced each of them to three years in the state penitentiary. On March 31, 1975, a petition for writ of habeas corpus was filed in this court by which appellant sought a belated direct appeal of their convictions and sentences. On April 1, 1975, this court granted the relief requested in the petition and ordered that it be treated as a notice of appeal.
Appellants contend that the trial court erred in finding them guilty of buying, receiving, or concealing stolen property because no evidence was adduced at trial to establish that they knew the subject property was stolen, thereby violating their constitutional right to due process of law. Appellants also contend that the trial court erred in finding them guilty of the possession of marijuana because appellee failed to establish an essential element of the crime, i.e., their knowledge of the presence of the contraband.
Knowledge is an elusive quality. Like intent, since it is a state of mind, it is often not subject to direct proof and can *899 only be inferred from the circumstances of the case by the trier of fact. Skold v. State, Fla.App. 1972, 263 So.2d 627; Jones v. State, Fla.App. 1966, 192 So.2d 285; and Scott v. State, Fla.App. 1962, 137 So.2d 625. Where, as in the instant appeal, a case is tried nonjury before a judge his factual findings are entitled to the weight of a jury verdict. We must assume that he drew from the facts established those reasonable conclusions most unfavorable to appellants. Jefferson v. State, Fla.App. 1974, 298 So.2d 465; Skold v. State, Fla.App. 1972, 263 So.2d 627; and Parrish v. State, Fla.App. 1957, 97 So.2d 356. On appeal, this court can not substitute its judgment of such matters for that of the trier of fact. Jefferson v. State, supra; and Loprince v. State, Fla.App. 1969, 218 So.2d 212.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the adjudications of guilt appealed are affirmed.
Affirmed.