339 So.2d 209 (1976)
John FITZGERALD, Appellant,
v.
STATE of Florida, Appellee.
No. 48202.
Supreme Court of Florida.
November 4, 1976.
*210 David J. Busch, Asst. Public Defender, and Jerry Caughey, Intern, for appellant.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
HATCHETT, Justice.
This cause has been transferred to us by the District Court of Appeal, First District, pursuant to Florida Appellate Rule 2.1 a(5), to review an order of the Circuit Court of the Seventh Judicial Circuit upholding the constitutional validity of Section 814.03, Florida Statutes, thereby vesting jurisdiction in this Court, pursuant to Article V, Section 3(b)(1), Florida Constitution.
Appellant was charged by information with auto theft in violation of Section 814.03, Florida Statutes.[1] Appellant had rented an automobile from Bozard Ford Company in St. Augustine, Florida, for five days. The rental documents were signed in his name and a $75 deposit placed on the automobile. Five days later, appellant contacted the rental manager of Bozard Ford Company, Marvin Taylor, and requested a two-day extension of the rental agreement. Taylor agreed and appellant was scheduled to return the automobile on June 28, 1974. Appellant failed to return the automobile on that date and a warrant was issued for his arrest. He was arrested four months later in Las Vegas, Nevada, and subsequently returned to Florida to stand trial.
At trial, appellant, testifying in his own behalf, stated that he had never intended to steal the car and had intended to return it around January 1, 1975. He testified that, when arrested, he had been working his way to California to visit his grandmother who was ill and from whom he intended to borrow some money. He also stated that he attempted to get in touch with Taylor in November to inform Taylor that he still had the car and intended to return it. He further testified that he spoke to a Mr. Johnson or Johansen who informed him that the car would have to be returned in 48 hours or a warrant would be issued.
Taylor appeared as a witness for the state and testified that to the best of his knowledge, no one by the name of Johnson or Johansen was employed by Bozard Ford Company, that no employee of the company, other than himself, had ever spoken to appellant about an extension of time, and that he had neither seen nor spoken to *211 appellant since the contact regarding the two-day extension.
During the trial appellant made a motion for judgment of acquittal on two grounds: (1) that the state failed to establish sufficient ownership of the automobile, and (2) that auto theft is in fact an offense of larceny, requiring a trespass and that the evidence failed to demonstrate that appellant had either trespassed or had the requisite intent to commit the offense. The motion was denied.
Appellant also objected to any instruction to the jury on Section 814.06(5),[2] claiming that the section was unconstitutional. The court stated that it considered the statute constitutional and subsequently included the statute in its instructions to the jury.[3] The jury returned a verdict of guilty and appellant was sentenced to five years imprisonment.
Appellant's attack is upon the statutory presumption which furnishes intent. Recently statutory presumptions with respect to criminal litigation have been criticized by legal commentators. Proponents of such presumptions generally base their arguments on pragmatic grounds such as the avoidance of unnecessary or unreasonable expense, the comparative convenience of gathering the means of proof, and the practical impossibility of enforcement without the presumption. See Soules, Presumptions in Criminal Cases, 20 Baylor L.Rev. 277, 285 (1968). Critics argue that no matter how compelling considerations of convenience may be, they are not a constitutionally sufficient basis for upholding presumptions in criminal cases. See Christee and Pye, Presumptions and Assumptions in the Criminal Law: Another View, 1970 Duke L.J. 919; Note, The Unconstitutionality of Statutory Criminal Presumptions, 22 Stan. L.Rev. 341 (1970). See also, Ashford and Risinger, Presumptions, Assumptions, and Due Process in Criminal Cases: A Theoretical Overview, 79 Yale L.J. 165 (1969).
In criminal litigation, it is well recognized that only a permissive presumption may be applied, i.e., a presumption which allows the jury to find the presumed fact once the basic fact is proven but does not require such a finding by the jury. Application of other types of presumptions, such as mandatory or conclusive, would substitute the proof of the basic fact for that of the presumed fact, and the proof of the basic fact would be the only issue tried. In criminal cases, the jury must be allowed to determine whether a reasonable doubt exists for any element of the crime. See In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); Comment, Statutory Criminal Presumptions: Reconciling the Practical with the Sacrosant, 18 UCLA L.Rev. 1 (1970). Application of a conclusive *212 or mandatory presumption would effectively preclude the jury from considering one element of the offense. Thus, while the power of the legislature to declare that one fact is prima facie evidence of another has been recognized by Florida courts, see Wooten v. State, 24 Fla. 335, 5 So. 39 (1888), such statutes are considered invalid when they effectively place the burden of proving innocence on the defendant, 20 Am.Jur., Evidence § 11; 13 Fla.Jur. Evidence § 12, since the law presumes that every individual charged with a crime is innocent. See Davis v. State, 90 So.2d 629 (Fla. 1956), Jordan v. State, 171 So.2d 418 (Fla.3d DCA 1965). 13 Fla.Jur. Evidence § 12 states:
Such a statute [creating a presumption] does not, of course, preclude evidence in rebuttal, nor does it raise an independent legal presumption as to the ultimate fact in issue. It merely relieves the state, in the absence of proof to the contrary, from the necessity of introducing further proof or the evidence to make out a prima facie case on the point. If the accused denies the charge and adduces evidence in rebuttal, the jury must be satisfied of his guilt beyond a reasonable doubt before returning a conviction. (footnotes omitted)
See also McNair v. State, 61 Fla. 35, 55 So. 401 (1911).
Several tests evolved with respect to the constitutionality of statutory presumptions. In Mobile, Jackson and Kansas City R.R. Co. v. Turnipseed, 219 U.S. 35, 31 S.Ct. 136, 55 L.Ed. 78 (1910), a civil action involving the question of negligence the United States Supreme Court first adopted the "rational connection" rule for testing the constitutionality of statutory presumptions. The rule provided that the presumed fact (in the instant case, the appellant's intent to deprive the car rental company of its property) and the proven fact (that the car had not been returned within 72 hours of the due date) must be rationally connected. The test was first applied in a criminal action in Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904 (1925). After Yee Hem, however, several other tests evolved[4] and it was not until Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943) that the "rational connection" emerged as the primary rule.
The rule was further defined in Leary v. United States, 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57 (1969) when the Court stated that:
[A] criminal statutory presumption must be regarded as "irrational" or "arbitrary," and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend. (emphasis added)
The Leary court did not address the question as to whether a presumption which satisfies the "more likely than not" test must also meet the standard of "reasonable doubt" normally applied in criminal cases. This question was recognized in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970); however as in Leary, the particular facts of the case did not require the Court to resolve this issue.
Finally in Barnes v. United States, 412 U.S. 837, 843, 93 S.Ct. 2357, 2361, 37 L.Ed.2d 380 (1973), the Court stated that "if a statutory inference submitted to the jury as sufficient to support conviction satisfies the reasonable-doubt standard (that is, the evidence necessary to invoke the inference is sufficient for a rational juror to find the inferred fact beyond a reasonable doubt) as well as the more-likely-than-not standard, then clearly it accords with due process."
*213 In the instant case appellant argues that Section 814.06(5) is unconstitutional in that it fails to pass the "reasonable doubt" test required in criminal cases. Appellant traces the history of the rules concerning statutory presumptions and contends that a presumption must satisfy both the "rational connection" test as well as the "reasonable doubt" standard in order to be constitutional. He contends that the latter standard has not been met and that the state relied solely on Section 814.06(5) and presented no other evidence to demonstrate the requisite intent to steal the automobile. This failure, he contends, denies him due process of law.
Appellant testified in his own behalf during the trial proceedings, and now argues that he was forced to do so in order to combat the presumption created by Section 814.06(5); and thereby was denied his constitutional right against self-incrimination. Moreover, he contends that he: (1) explained the situation regarding his retention of the automobile; (2) denied ever intending to steal the vehicle; (3) demonstrated his intention of paying the full rental fee due; and (4) attempted to notify the rental company concerning his plans. This testimony, he argues, demonstrates the lack of requisite intent in spite of the statute, and makes it impossible for a jury properly instructed to find all elements established beyond a reasonable doubt.
Respondents argue that this Court's decision in Dirk v. State, 305 So.2d 187 (Fla. 1974), in which the Court upheld a statutory presumption contained in Section 832.05(6), provides an analogous situation.[5] In Dirk this Court referred to the recent United States Supreme Court cases (Barnes, Turner, and Leary) and stated that "they have been carefully examined and we find that they do not vitiate our prior decisions upholding the constitutionality of Section 832.05, Florida Statutes." 305 So.2d at 188. The statute in Dirk created a presumption of intent when evidence of a "bad check" was introduced.
The fact that the appellant still retained the vehicle five months after it was supposed to have been returned without "any plausible explanation" was sufficient evidence to allow the jury to find beyond a reasonable doubt that appellant intended to keep the car. In a footnote, the Barnes court said:
Of course, the mere fact that there is some evidence tending to explain a defendant's possession consistent with innocence does not bar instructing the jury on the inference. The jury must weigh the explanation to determine whether it is "satisfactory."
(412 U.S. at 845 n. 9, 93 S.Ct. at 2362).
The jury in this case obviously found appellant's explanation lacking.
We reject appellant's claim that the presumption in effect forced him to testify in violation of his constitutional right against self-incrimination. Turner v. United States; Yee Hem v. United States, supra.
We find the statute constitutional and affirm the appellant's conviction.
OVERTON, C.J., and ROBERTS, ADKINS and BOYD, JJ., concur.
NOTES
[1] Section 814.03(1), Florida Statutes (1973), provides in part that:

[a]ny person who shall willfully and without authority take possession of and drive . . or obtain by fraud or trickery, any motor vehicle ... belonging to another shall, upon conviction, be guilty of a felony of the third degree... .
This section of the Florida Statutes was repealed by s. 66, ch. 74-383, effective July 1, 1975.
[2] Section 814.06, Florida Statutes (1973), provides in part:

Presumption of intent.  It shall be prima facie evidence of intent to deprive the owner of his property when any person:
* * * * * *
(5) Fails to return a rented or leased motor vehicle, aircraft, boat, or boat motor within seventy-two hours after the time and date agreed upon for the return of the vehicle, aircraft, boat, or boat motor, unless notification of the reason for delay has been made to the rentor or lessor.
This section was repealed by s. 66, 74-383, effective July 1, 1975. However, under Section 775.011, Florida Statutes (1975), Section 814.06 is still applicable to petitioner's case. Section 775.011(2), Florida Statutes (1975), provides:
(2) Except as provided in subsection (3), the code does not apply to offenses committed prior to July 1, 1975, and prosecutions for such offenses shall be governed by the prior law. For the purposes of this section, an offense was committed prior to July 1, 1975, if any of the material elements of the offense occurred prior thereto.
[3] Swanson: At this point does that mean that you're ruling on the constitutionality of that subsection?
The Court: Yes, I think it does; it would mean that, now of course, obviously that motion in the event of conviction in this case, if there is a motion for a new trial and you want to specifically allege that as a ground in your motion for a new trial, the Court would consider it but I am not going to find the statute unconstitutional off the top of my hat. I would still consider it in a subsequent motion if that occasion arises, if he is found guilty and a motion is filed, I will further consider it but at this point I am finding it proper to give it at this time but I don't foreclose you on that... .
[4] One rule which evolved was the "lesser included offense" rule. At issue was whether the presumed fact was an essential element of the offense or whether the legislature could have created the offense without the presumed fact. The rule, only applied once in Ferry v. Ramsey, 277 U.S. 88, 48 S.Ct. 443, 72 L.Ed. 796 (1928) was rejected in Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). Another rule which evolved was the relative convenience rule which considered whether it would be more difficult for a defendant to disprove the presumed fact than for the prosecution to establish it. See Note, supra, at 345 n. 32.
[5] Respondents also refer to Ross Car Rental and Leasing, Inc. v. Padgett, 278 So.2d 667 (Fla.App.2nd 1973) in which the Court considered Section 814.06. The case involved an action for malicious prosecution arising out of a car theft suit by the rental car company against the rentee. The Court held that the rental company had probable cause to bring the car theft action.