### DADE COUNTY v. O'DONNELL.

No. 78-266-AC.

Circuit Court, Dade County, Appellate Division.

August 27, 1979.

Stanley B. Price, Assistant County Attorney, and Howard Blumberg, Assistant State Attorney, for the appellant.

Pollack, Spain & O'Donnell, Miami, for the appellee.

HERBERT STETTIN, Circuit Judge.

The appellant was the defendant in a county court prosecution involving 48 parking violations. He successfully attacked the constitutionality of §30.389.1A of the Code of Metropolitan Dade County which states —

> In the prosecution charging a violation of any ordinance or provision of this Code governing the stopping, standing, parking or operating a vehicle, proof that the particular vehicle described in the complaint was parked or operated in violation of any such ordinance or regulation, together with proof that the defendant named in the complaint was at the time of such parking or operating the registered owner of such vehicle, shall constitute in evidence a presumption that the registered owner of such vehicle was the person who stopped, parked or operated such vehicle at the point where, and for the time during which, such violation occurred.

The trial court based its decision on three grounds — first, that the ordinance creates an improper presumption of guilt; second, the county does not prosecute corporate or multiple owners of vehicles; and last, that parking violations should be treated as civil infractions rather than crimes. We disagree with all of the reasons given and reverse.

At the outset, it is important to note what Code §30.389.1A does not do. It neither creates a presumption of control over a vehicle illegally parked until proof of both the identity of the registered owner and the fact of illegal parking have been established, nor does it make that presumption, once created, irrebuttable. The former avoids the problems created by the need to show a rational connection between the fact proved and the fact presumed; Cf.Fitzgerald v. State. 339 So.2d 209 (Fla. 1976), and MacMillan v State. 358 So.2d 547 (Fla 1978) ; and the latter avoids the problem of interfering with the constitutional presumption of the

defendant's innocence and the state's burden of proof. See 9 Fla. Jur., *Criminal Law* §93.

As has often been stated, this presumption when established merely shifts the burden of going forward with the evidence. It does not relieve the state of its responsibility to prove guilt beyond a reasonable doubt. See, e.g., County Court of Ulster County, New York v. Allen, No. 77-1554, U.S.S.Ct., opinion dated June 4, 1979. Florida has specifically recognized that presumptions such as the one which exists in the ordinance in question must be employed so as not to conflict with the state's burden of proof in a criminal case Thus, in Fitzgerald v. State, supra, the Supreme Court held —

> "In criminal litigation, it is well recognized that only a permissive presumption may be applied, i.e., a presumption which allows the jury to find the presumed fact once the basic fact is proven but does not require such a finding by the jury. Application of other types of presumptions, such as mandatory or conclusive, would substitute the proof of the basic fact for that of the presumed fact, and the proof of the basic fact would be the only issue tried. In criminal cases, the jury must be allowed to determine whether a reasonable doubt exists for *any* element of the crime" 339 So.2d 211.

The next question to be determined is whether the presumption created by the ordinance satisfies both the reasonable doubt standard, (that is, the evidence necessary to invoke the inference is sufficient for a rational juror to find the inferred fact beyond a reasonable doubt), as well as the more likely-than-not standard; and if it does then clearly it accords with constitutional due process. Fitzgerald, *supra.*

Many other jurisdictions have dealt with parking statutes and ordinances where the same or similar issues have been raised. In People v. Bigman, 100P.2d 370 (Cal.App. 1940), the court held the presumption of owner control, once created, was rebuttable by the vehicle owner, explaining that its convenience to the state outweighed the inconvenience to the defendant. The court quoted Justice Cardozo in Morrison v. California, 291 U.S. 82 (1934), that "the decisions are manifold that within limits of reason and fairness the burden of proof may be lifted from the state in criminal prosecutions and cast on the defendant." 100 P.2d at 371. See also People v. Kayne, 282 N.W. 248 (Mich. 1938); Cantrell v. Oklahoma City, 454 P. 2d 676 (Okla. 1969); City of Portland v. Kirk, 518 P. 665 (Oreg. 1974); and Commonwealth v. Ober, 189 N.E. 601 (Mass. 1934). And see Red Top Driv-Ur-Self v.

Potts, 300 S.W. 2d 261 (Ark. 1957), and City of Seattle v. Stone, 410 P. 2d 583 (Wash. 1966), where irrebuttable presumptions of guilt under similar ordinances have been held unconstitutional.

But other courts have construed presumptions of vicarious responsibility for parking violations to allow rebuttal only as to questions of vehicle ownership and the fact of the parking violation, equating proof of ownership with irrebuttable liability. City of Columbus v. Webster, 164 N.E. 2d 734 (Ohio 1960); City of Kansas City v. Hertz Corp., 499 S.W. 2d 449 (Mo. 1973); Iowa City v. Nolan, 239 N.W 2d 102 (Iowa 1976); and City of Chicago v. Hertz, 375 N.E. 2d 1285 (Ill. 1978). Such a presumption would, under Florida law, be impermissible.

As early as 1938, in People v. Kayne, *supra*, the court relied upon empirical statistical data in determining the presumption of owner liability for parking violations was factually justified. See also City of Portland v. Kirk, *supra*. In People v. Bigman, *supra*, the court stated the "relationship between the registered owner of an automobile and its operation is natural." 100 P. 2d at 372. And in People v. Rubin, 31 N.E. 2d 501 (N.Y. 1940), the court pointed out that to reject the inference would be to "deny the trier of facts the right to use a common process of reasoning."

The appellee relies upon MacMillan v. State, 358 So.2d 547 (Fla. 1978), arguing that the presumption in the case *sub judice*, as in that case, is arbitrary and irrational. In McMillan, the presumption was that a property owner intended to violate §812.14, F.S., by receiving electric power with the intent not to pay for it if a meter tampering device on the property could be found. The Supreme Court held the presumption invalid because — (1) the meter is normally on the outside of the building, accessible to anyone, (2) electric power is used by all the occupants of a building, not just the property owner, (3) billing power used is normally on a monthly cycle, and (4) there are many ways to alter the metering of electric power without the owner's knowledge.

The presumption in this case however, is simply not subject to the same factual attack. Common experience indicates that a vehicle owner normally either has direct control of the vehicle, or gives permission for its use by transfer of the ignition key. In either event, he is and should be responsible for any use of the vehicle which results in its being illegally parked.

In sum, we hold the ordinance in question, creates a rebuttable presumption that the vehicle owner was the person in control of the vehicle at the time of violation once sufficient proof of owner-

ship and the fact of violation have been adduced. At that point the burden then shifts to the defendant to go forward. See State v. Kahler, 232 So.2d 166 (Fla. 1970) ; Daniels v. State, 108 So.2d 755 (Fla. 1959) ; and Cooper v State, 90 So. 693 (Fla 1922). This does *not* mean the burden of proof shifts to the defendant. "The trier of fact must consider the facts proved and inferred as well as the presumption that the defendant is innocent. The defendant is not mandated to produce facts to counter the inference and the trier of fact may still find in favor of the defendant in spite of the inference." City of Portland v. Kirk, supra, at 668. Nor does the ordinance fail because it requires the defendant to waive his Fifth Amendment privilege to remain silent in order to rebut the presumption, as was the case in People v. Hoogy, 269 N.W. 605 (Mich. 1936).. See People v. Kayne, *supra;* Barnes v. U.S., 93 S.Ct. 2357, (1973) ; and City of Portland v. Kirk, *supra.*

Another issue raised by the trial court relied upon for dismissal was that the state attorney does not prosecute corporations under the ordinance. We hold this does not free the appellee from prosecution. He does not have standing to complain that corporations are not prosecuted by the state attorney. Indeed a corporation is a person for purposes of criminal law, 9 Fla. Jur. *Criminal Law* §33, and is fully subject to the strictures of the ordinance. If the allegation is true, the remedy is not to bar individuals from prosecution, but rather to seek enforcement against corporations.

The only other reason given by the trial court for its decision was that parking violations are not misdemeanors — they should be decriminalized as many other traffic offenses have been, and as parking violations are under the state statute. See §316.1967, F.S. But §316.008 (1), F.S., permits local authorities to exercise their police power over streets and highways within their jurisdiction, and §125.69, F.S., provides that violations of county ordinances are misdemeanors, punishable as provided therin. The wisdom of the county ordinance is not open to judicial review. The county has the power and has validly exercised it to make parking violations punishable as misdemeanors.

We therefore hold the ordinance constitutional, and reverse the order of dismissal for further proceedings consistent with this opinion.

Concurring: NESBITT and TENDRICH, JJ.