WIGGINTON, Judge.
Defendant has appealed a summary final judgment rendered in favor of plaintiff. By his sole point on appeal appellant urges reversal because the file discloses genuine issues of material fact which may be properly resolved only by the jury after trial.
Appellee brought action in quantum meruit by a complaint in two counts, the first of which prayed for judgment on an account stated, and the second for judgment for goods sold and delivered by plaintiff to defendant.
To the complaint appellant interposed two defenses, the first of which was one of general denial. By his second defense appellant alleged that the amount claimed by appellee represents back charges for costs and expenses necessarily incurred by appellant in correcting defects in the fabricated steel products purchased by appellant from appellee, which costs and expenses were authorized by appellee prior to the time they were incurred.
From the request for admissions and answers thereto, the interrogatories pro- ■ pounded to and answered by appellant, and the affidavits filed in support of and in opposition to appellee’s motion for summary judgment, the following facts appear. On April 7, 1964, appellee submitted to appellant its written proposal to furnish certain specified fabricated steel products to be *692 manufactured in accordance with plans and specifications prepared by the National Aeronautical and Space Administration of the United States for use in the construction of a hangar at Cape Kennedy in Brevard County. Appellee’s proposal was accepted in writing by appellant pursuant to a written purchase order dated April 22, 1964, which purchase order accepted by reference appellee’s written proposal and stated'that the products were to be manufactured in accordance with plans and specifications. On July 17, 1964, appellant wrote appellee a letter enclosing a copy of letter he had received from the government inspectors pointing out defects in the structural steel furnished by appellee, and demanding correction thereof. The file further reflects a letter written by appellant to appellee on November 3, 1964, setting forth a number of particulars in which the steel products furnished by appellee were defective and failed to conform to plans and specifications on which the order was based. The letter informed appellee that appellant was required by the government inspectors to correct the defects in the steel products in order to make them acceptable, and particularized the expenses incurred in making such corrections. The total amount of these expenses was deducted from the purchase price of the products sold to appellant, and is the amount claimed by the complaint filed in this action.
The disputes between the parties which create genuine issues of material facts as disclosed by the pleadings and evidence in the file are: (1) the nature and extent of the alleged defects in the steel products purchased by appellant from appellee; (2) whether the alleged defects were known to and acknowledged by appellee’s agent; (3) the authority of appellee’s agent to authorize correction of the alleged defects at ap-pellee’s expense; and (4) the reasonable costs incurred by appellant in correcting the alleged defects in order to conform the products purchased to the plans and specifications on which appellee’s proposal was made and accepted.
We have stated so often that it seems trite to repeat that the facts in evidence, and all reasonable inferences arising therefrom, must be indulged in favor of the party against whom a motion for summary judgment is asked. The converse is never true.[1] In considering a motion for summary judgment or decree, the trial court is not privileged to consider either the weight of the conflicting evidence or the credibility of the witnesses in determining whether there exists a genuine issue of a material fact. This prerogative lies solely within the province of the trier of facts. If the evidence, and all reasonable inferences deducible therefrom, when considered in a light most favorable to the non-moving party, creates a genuine issue of a material fact, the motion must be denied and the case set for trial in the traditional manner.[2] In passing upon a motion for summary judgment, the trial judge may not permit his decision to be influenced by the chance of success which he considers either party may have on the trial. When he strays from the narrow limits of his authority to determine only whether there exists any genuine issue of material facts, he defeats the purpose of the rule and deprives the non-moving party of the valuable right to a trial by jury-
It is our view that the trial court committed error in rendering the summary final judgment appealed. The judgment is accordingly reversed and the cause remanded for further proceedings.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. Harding v. American Universal Insurance Company, (Fla.App.1961) 130 So.2d 86, 89.

. Crepaldi v. Wagner, (Fla.App.1961) 132 So.2d 222, 226.