213 So.2d 274 (1968)
Charles EDWARDS, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-1085.
District Court of Appeal of Florida. Third District.
August 13, 1968.
Rehearing Denied August 28, 1968.
Robert L. Koeppel, Public Defender and Jeffrey Michael Cohen, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Harold Mendelow, Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
PER CURIAM.
Charles Edwards was charged by information with the crime of breaking and entering a building with intent to commit a felony therein, to-wit, grand larceny. He was tried by the court without a jury. At the close of the state's case, the court granted a directed verdict reducing the charge against Edwards to breaking and entering with intent to commit a misdemeanor, to-wit, petit larceny. This appeal is from his judgment of conviction on the reduced charge.
On appeal, appellant concedes that the state offered sufficient proof that he broke into and entered the building in question, and that he was properly and sufficiently identified as the individual who committed the breaking and entering.
He contends, however, that there was insufficient proof that he broke and entered the building with the intent to commit a specific crime and, therefore, his conviction must be reversed, or reduced to the lesser included crime of trespassing and remanded for a proper sentence. He relies on Fla. Stat. § 924.34, F.S.A.
In breaking and entering with the intent to commit petit larceny, there must be a proper showing by the state that the breaking and entering was with the intent to take personal property of some value. See Jones v. State, Fla.App. 1966, 192 So.2d 285; Scott v. State, Fla.App. 1962, 137 So.2d 625; and Channell v. State, Fla. App. 1958, 107 So.2d 284.
Intent, being a state of mind, is not subject to direct proof and can only be inferred from circumstances. Scott v. State, supra. Under the rationale of the above cited cases there was sufficient for the trier of facts to find the requisite intent to commit petit larceny.
Affirmed.