239 So.2d 127 (1970)
C.E. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 1842.
District Court of Appeal of Florida, Fourth District.
September 11, 1970.
*128 Louis R. Bowen, Public Defender, Chandler R. Muller, and Edward G. Helvenston, Asst. Public Defenders, Orlando, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
FARRINGTON, OTIS, Associate Judge.
Appellant C.E. Williams seeks reversal of a final judgment and sentence of imprisonment based on a jury verdict finding Williams guilty of grand larceny of seven hundred dollars in United States currency, the property of John Everett. The sole basis of the appeal is appellant's contention that the evidence was insufficient to support a larceny conviction. The facts disclosed by the testimony of the witnesses for the state will be summarized. Appellant offered no testimony.
Appellant, who was known to the witnesses as Big Daddy and Prophet Joe, was reputed to have unusual powers to heal illness and bestow good fortune to those who availed themselves of his services. The complaining John Everett, a superstitious 73 year old man, accompanied his cousin and son-in-law to Williams' home in Sanford, Florida for the main purpose of obtaining his services to break a persistent siege of bad luck and illness being experienced by the cousin.
After the cousin consulted with Williams, John Everett consulted with him regarding a persistent illness for which he had recently been hospitalized. Williams conducted a test consisting of placing a piece of Everett's hair and a piece of his toenail in a glass of clear liquid which turned purple when stirred. With the aid of his test appellant quickly diagnosed Everett's ailment as being caused by germs, and directed him to take off his clothes and lie down on the bed for treatment. The treatment consisted of bathing him with a liquid from a bottle and rubbing him down.
Everett had in his possession an envelope containing eleven hundred dollars which he laid on the table along with his personal effects and covered with a handkerchief when he removed his clothing. The eleven hundred dollars was to be used to pay a doctor and hospital bill which he owed. After treating Everett, appellant picked up the envelope and began counting the money. Everett told him not to "mess" *129 with his money, but after some discussion Everett acquiesced to the laying of $700.00 of the money on a Bible to be blessed. Appellant then told Everett that it was necessary for appellant to go to the woods for three days and three nights with the $700.00 and that he would return it to Everett in eight days. Everett denied that he ever consented to Williams taking the $700.00; but he left the house without the $700.00 which remained in the possession of Williams.
Five days later appellant appeared at Everett's home in Bartow, Florida without the $700.00. He told Everett that he did not have the $700.00 at that time because he had distributed it to seven churches that had to have $100.00 each. The outcome of this meeting was that appellant obtained the $400.00 that Everett had retained from the prior meeting, on the pretext that the $400.00 also required blessing. Appellant advised Everett that he would cause the $400.00 to be blessed by taking it into the woods for three days and three nights and that the entire $1,100.00 would be returned to Everett within a few days. Only the $700.00 obtained by appellant at the original meeting in Sanford, Florida is involved in this case.
Appellant never returned, nor did he return any of the money. Approximately 14 months later, after reporting the matter to the police in Bartow, Everett went with a police officer to confront appellant and demand return of the money. Appellant admitted to the officer that he got the $1,100.00 but stated that he was unable to return it at that time. He promised to give Everett $500.00 the next day and gave Everett the title certificate to his wife's automobile as security for the repayment of the full amount within 10 days.
Appellant failed to contact Everett or to make the promised $500.00 payment the following day; whereupon Everett swore out a warrant for his arrest.
Appellant argues two points for reversal: first, that the state failed to show beyond a reasonable doubt that there was a lack of consent to appellant's taking Everett's $700.00; and, second, that the state failed to show the presence of a felonious intent to defraud at the time of the taking.
As to the first point, we find that the evidence was sufficient to support a determination by the jury either that appellant obtained the $700.00 by fraud or trickery with the preconceived purpose of converting the money to his own use and to deprive the owner thereof, thereby vitiating any consent of the owner to the taking, Campbell v. State, 1944, 155 Fla. 359, 20 So.2d 127; Bussart v. State, 1937, 128 Fla. 891, 176 So. 32; or that the consent was not as broad as the taking in that Everett only permitted appellant to retain the money for the purpose of blessing it and returning it to Everett in a few days, yet appellant either intended at the time of receiving the money, or decided thereafter to convert it to some unauthorized use with intent to permanently deprive the owner thereof.[1]
The statement of appellant that he did not have the money just five days after obtaining it would support a jury determination that he had diverted the money to *130 other uses beyond the ambit of Everett's authorization.
Appellant's second point is his contention that the state failed to prove felonious intent. Intent, being a state of mind, must in most cases be inferred from the circumstances, Edwards v. State, Fla. App. 1968, 213 So.2d 274. We find sufficient competent evidence in this case to support the finding of felonious intent implicit in the jury's verdict.
The judgment and sentence appealed from are affirmed.
WALDEN and OWEN, JJ., concur.
NOTES
[1] In this case the state proceeded under F.S. 1963, Sec. 811.021, F.S.A., which is a consolidation of the former separate offenses of larceny, embezzlement and obtaining property by false pretenses. As was stated in the case of Thomas v. State, Fla.App. 1968, 216 So.2d 780:

"* * * In order to convict a person under § 811.021, Fla. Stat., F.S.A., it it not necessary that the elements of common law larceny be proven, nor need it be shown that the property was obtained through fraud or false pretenses. It is enough to prove that the defendant `* * * secretes, withholds or appropriates to his own use, or that of any other person other than the true owner * * * the property in question.' § 811.021(1) (a), Fla. Stat., F.S.A.; Gaynor v. State, Fla.App. 1967, 196 So.2d 19; Hunt v. State, Fla.App. 1967, 200 So.2d 212."