262 So.2d 457 (1972)
STATE of Florida, Appellant,
v.
Gerald L. WEST, Appellee.
No. 70-860.
District Court of Appeal of Florida, Fourth District.
May 19, 1972.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellant.
L.B. Vocelle, Vero Beach, for appellee.
MUSZYNSKI, B.C., Associate Judge.
The State of Florida appeals from an order of dismissal entered by the trial court pursuant to Rule 1.190(c) (4), Fla. R.Crim.P., 33 F.S.A. That order was entered on motion of appellee that there were no material disputed facts and the undisputed facts did not establish a prima facie case of guilt. Appellee was charged with possession of a false, forged or counterfeit note in violation of Florida Statute § 831.11, F.S.A., which provides:

"Bringing into the state forged bank bills. Whoever brings into this state or has in his possession a false, forged or counterfeit bill or note in the similitude of the bills or notes payable to the bearer thereof or to the order of any person issued by or for any bank or banking company established in this state, or within the United States, or any foreign province, state or government, with intent to utter and pass the same or to render the same current as true, knowing the same to be false, forged or counterfeit, shall be punished by imprisonment in the state prison not exceeding five years, or in the county jail not exceeding twelve months, or by fine not exceeding one thousand dollars." (Emphasis added.)
It was agreed by the attorneys for each party for the purposes of the motion that a single, counterfeit ten-dollar-bill was passed by Gerald L. West to an undercover agent. It was further agreed that the counterfeit bill was known by the agent to be a counterfeit bill and that it was stated by West to be a sample and that he could *458 get several thousand dollars in such counterfeit money.
A reading of this statute reveals that the act prohibited must be accomplished with intent. The intent of the accused is an essential element of the offense charged. It is not usually the subject of direct proof. It is inferred from the acts of the parties and from the surrounding circumstances. Williams v. State, Fla. App. 1970, 239 So.2d 127; Edwards v. State, Fla.App. 1968, 213 So.2d 274; Groneau v. State, Fla.App. 1967, 201 So.2d 599; Jones v. State, Fla.App. 1966, 192 So.2d 285; Scott v. State, Fla.App. 1962, 137 So.2d 625.
Being a state of mind, intent is usually a question of fact to be determined by the trier of fact. The trier of fact has the opportunity to observe the witnesses. From that observation, the trier of fact may determine the believability of that witness and the weight to be given his testimony. The demeanor of the witness, his frankness, or lack of frankness, his intelligence, his interest in the outcome of the case, and the reasonableness of the testimony presented, in the light of all the evidence in the case, are but a few of those factors which may play a part in making that determination.
The summary judgment procedure provided for by Rule 1.190(c) (4), Fla.R. Crim.P., is not as frequently encountered as a summary judgment proceeding in civil litigation. It has been held, and it is generally accepted, that summary judgments should be entered with caution. Champion Map Corporation v. Chamco, Incorporated, Fla.App. 1970, 235 So.2d 50; Meigs v. Lear, Fla.App. 1968, 210 So.2d 479.
The trial court may not try or determine factual issues in a summary judgment proceeding; nor consider either the weight of the conflicting evidence or the credibility of the witnesses in determining whether there exists a genuine issue of material facts; nor substitute itself for the trier of the fact and determine controverted issues of fact. Coquina Ridge Properties v. East West Company, Fla.App. 1971, 255 So.2d 279; Strode v. Southern Steel Construction Company, Fla.App. 1966, 188 So.2d 690; Baskin v. Griffith, Fla.App. 1961, 127 So.2d 467; Willard Homes, Inc. v. Sanders, Fla.App. 1961, 127 So.2d 696; Humphrys v. Jarrell, Fla.App. 1958, 104 So.2d 404; Jones v. Stoutenburgh, Fla. 1956, 91 So.2d 299.
For the foregoing reasons, we are of the opinion that the trial court should not have entered the order of dismissal. The matter should be disposed of by appropriate proceedings before the trier of the fact.
Therefore, the order of dismissal is reversed and the cause remanded to the trial court for further proceedings.
Reversed and remanded.
WALDEN, J., concurs.
CROSS, J., concurs in conclusion.