BOARDMAN, Acting Chief Judge.
The ti lal court dismissed the delinquency petition filed against appellees J.T.S. and G.R.W. on the ground that the undisputed facts did not establish a prima facie case against them. We reverse.
Appellees were alleged to have committed criminal mischief, in violation of Section 806.13, Florida Statutes (1977), in that they willfully and maliciously damaged an automobile by “rocking and moving” the car. They filed a motion to dismiss, asserting that their actions were not willful or malicious. The motion alleged that Deputies Wood and Smith of the Pinellas County *419 Sheriff’s Department had testified that they had seen four juveniles bouncing on and rocking the automobile in question in an effort to turn the car on an angle in its parking space, but that both deputies had indicated that the children’s desire was merely to move the car and not to damage it in any way. The state filed a sworn response to the motion, denying that both deputies had indicated that appellees’ desire was not to damage the car; further denying that the children’s actions were not willful and malicious; and asserting that appellees’ allegation to the contrary was not a fact, but a conclusion.
At the hearing on the motion, Deputy Wood testified that one of the juveniles not involved in this appeal had told him that the boys intended to turn the vehicle sideways in its parking space. No one had told him during the course of his investigation of the incident that the boys’ intent was to damage the car. However, the boys had not indicated to Wood that it was not their intent to damage the car.
In the first place, inasmuch as the state filed a traverse specifically denying under oath a material fact alleged in the motion to dismiss, automatic denial of the motion was required. Fla.R.Crim.P. 3.190(d)[1]; Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA), cert. denied, 352 So.2d 175 (Fla.1977); see also State v. Smith, 348 So.2d 637 (Fla. 2d DCA 1977).
Even if the state had not traversed appellees’ motion to dismiss, it would have been error for the trial court to grant the motion. The sole basis for the motion was that appellees lacked intent to damage the automobile in question. Intent is not an issue to be decided on a motion to dismiss under Rule 3.190(c)(4), Florida Rules of Criminal Procedure, since intent is usually inferred from the acts of the parties ánd the surrounding circumstances; being a state of mind, intent is a question of fact to be determined by the trier of fact, who has the opportunity to observe all of the witnesses. State v. West, 262 So.2d 457 (Fla. 4th DCA 1972).
A proceeding under Rule 3.190(c)(4) is the equivalent of a civil summary judgment proceeding, and as stated in State v. West, supra at 458:
The trial court may not try or determine factual issues in a summary judgment proceeding; nor consider either the weight of the conflicting evidence or the credibility of the witnesses in determining whether there exists a genuine issue of material facts; nor substitute itself for the trier of the fact and determine controverted issues of fact.
Accordingly, the order dismissing the delinquency petitions against appellees is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
SCHEB and OTT, JJ., concur.

. Although, this being a juvenile proceeding, the Florida Rules of Juvenile Procedure are applicable, Rule 8.130(b)(2), Florida Rules of Juvenile Procedure provides only generally for the filing of motions to dismiss and implicitly incorporates Rule 3.190(c) and (d). See Com•mittee Note (b)(2).