386 So.2d 278 (1980)
STATE of Florida, Appellant,
v.
Allen Lee ROGERS, Appellee.
No. 79-1822.
District Court of Appeal of Florida, Second District.
June 11, 1980.
Rehearing Denied July 15, 1980.
*279 Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellant.
Marc H. Salton of Rock & Salton, Holiday, for appellee.
SCHEB, Judge.
The state charged Rogers with second degree murder. The trial court granted Rogers' motion to dismiss the information. In so doing, the court improperly determined the issue of Rogers' intent. We reverse.
The state's information alleged that:
ALLEN LEE ROGERS ... on the 8th day of June [1979]... by an act imminently dangerous to another, and evincing a depraved mind, regardless of human life, but without a premeditated design to effect the death of any particular person, did strike one Steven Gadoury, a human being, in the neck with a glass, thereby inflicting upon him mortal wounds, of which said mortal wounds, and by the means aforesaid and as a direct result thereof, Steven Gadoury died; contrary to Chapter 782.04(2) Florida Statutes... .
Rogers moved to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4) alleging the following undisputed facts which he contended did not establish a prima facie case of murder in the second degree:
1. On the evening of June 8, 1979 the Defendant Allen Rogers, was present in the Crown Lounge with his brother and a few friends.
2. The Defendant was sitting on a bar stool, with his back to the bar, and facing the dance floor.
3. The deceased, STEVEN GADOURY, was dancing with one or more females in the vicinity of the Defendant.
4. While the Defendant was sitting on the bar stools, watching people dance, the deceased leaned toward the Defendant and flicked his cigarette at the Defendant, striking the Defendant in the forehead.
5. The Defendant stood up and inquired of the deceased what he was doing.
6. As the Defendant got up from the bar stool he held his mixed drink glass, which had been positioned between his thighs as he was sitting, in his right hand.
7. As the Defendant inquired of the deceased what he was doing, the deceased balled up his fists.
8. According to witness JAMES KENNEDY, the deceased raised his fists in front of himself.
9. According to witness SANDRA WILSON, the deceased extended his arms down and out from his body, with his fists clenched, and stated "you want to do it now".
10. After the deceased balled his fists, the Defendant ALLEN ROGERS, struck the deceased just under the left side of his chin, with the Defendant's right hand.
11. The Defendant's right hand was holding the mixed drink glass, said glass shattering on impact and cutting the deceased's carotid artery and jugular vein, resulting in the death of STEVEN GADOURY.
The state demurred under Florida Rule of Criminal Procedure 3.190(d), adding the following facts:
1. After flicking his cigarette at Defendant, Steven Gadoury stepped back approximately two steps, held his fists by his side and asked Defendant, "want to do it now?"
2. Defendant, holding his glass in his right hand, stepped toward Steven Gadoury, swung at him with Defendant's right hand and smashed his glass into the left side of Steven Gadoury's neck, thereby inflicting the mortal wounds.
3. At Defendant's location at the bar, there appeared to be no physical obstructions blocking Defendant's retreat, *280 if Defendant had desired to retreat.
4. After inflicting the mortal wound and as blood gushed forth from the neck of Steven Gadoury, Defendant turned and promptly exited the bar and departed the area altogether.
After reviewing Rogers' motion and the state's demurrer, the trial judge concluded that Rogers could not be found guilty of any crime greater than manslaughter and dismissed the state's information.
Section 782.04(2), Florida Statutes (1979), defines second degree murder as "[t]he unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual... ."
The thrust of Rogers' motion was that his actions did not indicate "a depraved mind regardless of human life." As this court explained in State v. J.T.S. and G.R.W., 373 So.2d 418 (Fla. 2d DCA 1979), intent or state of mind is not an issue to be decided on a motion to dismiss under Rule 3.190(c)(4). Instead, it is usually inferred from the circumstances surrounding the defendant's actions. Since the trier of fact has the opportunity to weigh the evidence and judge the credibility of the witnesses, it should determine intent or state of mind.
We hold the trial court erred by resolving the issue of whether Rogers' actions "evinc[ed] a depraved mind regardless of human life" on a motion to dismiss the information. Therefore, we reinstate the information and remand to the trial court.
GRIMES, C.J., and CAMPBELL, J., concur.