384 So.2d 298 (1980)
STATE of Florida, Appellant,
v.
William Reginald NORRIS, Appellee.
No. 79-1887.
District Court of Appeal of Florida, Fourth District.
June 11, 1980.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellant.
Charles M. Harris, Hollywood, for appellee.
HERSEY, Judge.
The State takes an appeal from an order granting appellee's motion to dismiss.
Appellee was charged with attempting to obtain a prescription drug by fraud. The circumstances leading to this charge began with a telephone call to a pharmacist purportedly from a doctor prescribing medication for a patient, one Ben Stroud. The pharmacist called the doctor and ascertained *299 that no such telephone call had been made by him nor did he have a patient named Ben Stroud. Consequently, the pharmacist alerted the police who set up surveillance of the pharmacy. Upon appellee's entry into the pharmacy and his request for the prescription for Ben Stroud, the police approached him, asked him for identification and then placed him under arrest. In response to an inquiry, appellee indicated that Ben Stroud was a friend and that he was picking up the prescription at his request. A police officer located a slip of paper in one of the pockets of appellee's jacket, containing the name and address of Ben Stroud, the name and B.N.D. number, telephone number and partial address of the physician who allegedly made the original call, the name and telephone number of the pharmacy, and the name tussionex (the prescription drug involved here).
Appellee filed a pleading entitled "Sworn Motion to Dismiss," although the motion was not made under oath. Attached to and filed with the motion was an affidavit of appellee that quoted from a police report of the incident and contained a statement that the handwriting on the slip of paper found in appellee's pocket was not his. The State filed a demurrer.
The trial court granted the motion to dismiss on the basis that the demurrer accepted the facts alleged in the motion and that the facts "... as stated in the motion are insufficient to prove that the Defendant has "knowledge" that the prescription was fraudulent."
We find error and reverse.
Neither the motion nor the affidavit contain any suggestion that appellee was without knowledge of the fact that Ben Stroud was fraudulently attempting to obtain a prescription drug. In as much as the State's demurrer does not admit that appellee was without such knowledge, this fact of knowledge remains a material fact in dispute between the parties and therefore subject to trial on the merits. Intent is not usually subject to direct proof, but may be inferred from the acts of the parties and surrounding circumstances. Being a state of mind, intent is usually a question of fact to be determined by the trier of fact. State v. West, 262 So.2d 457 (Fla. 4th DCA 1972). In this respect knowledge is like intent. Heineman v. State, 327 So.2d 898 (Fla. 3rd DCA 1976).
In summary, the State could well admit every fact alleged in the motion to dismiss and the accompanying affidavit and still make a case for the charge of attempting to obtain a prescription drug by fraud. Under these circumstances, the order granting defendant's sworn motion to dismiss contains reversible error and is accordingly reversed. The case is remanded for such further proceedings as may be appropriate.
REVERSED AND REMANDED.
DOWNEY and MOORE, JJ., concur.