394 So.2d 1068 (1981)
STATE of Florida, Appellant,
v.
Anthony Jerome EVANS a/k/a Anthony Jerome Green, Appellee.
No. 80-163.
District Court of Appeal of Florida, Fourth District.
March 4, 1981.
Michael J. Satz, State Atty., and Teresa Beazley Widmer, Asst. State Attorney, Fort Lauderdale, for appellant.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellee.
GLICKSTEIN, Judge.
The information for burglary charges that appellee unlawfully entered the patio bar storeroom of the Town and Country Motel with the intent to commit a theft. Appellee filed a sworn motion to dismiss, stating, inter alia, that he was a guest of the motel; that shortly prior to his arrest he and another guest went to the patio bar for a drink; that the closest restrooms cannot be seen from the bar; that he entered the storeroom located about eight feet from the bar; that he was in the storeroom a very short time before being discovered by the barmaid; that there are no signs on the storage room door, indicating that it is a storeroom or that patrons are to keep out; that he has consistently maintained he thought the storeroom was a bathroom; that the light was not on in the storeroom and that he was looking for the light switch. To this sworn motion the state demurred, alleging that all of the foregoing was irrelevant, immaterial or not sufficient in law to constitute grounds for dismissal. The trial court granted the sworn motion. We reverse.
Section 810.02(1), Florida Statutes (1979), provides:
"Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain. (Emphasis added).
In State v. West, 262 So.2d 457 (Fla. 4th DCA 1972), we reversed a trial court order of dismissal following a charge for possession *1069 of a false, forged or counterfeit note, and said:
A reading of this statute reveals that the act prohibited must be accomplished with intent. The intent of the accused is an essential element of the offense charged. It is not usually the subject of direct proof. It is inferred from the acts of the parties and from the surrounding circumstances. Williams v. State, Fla. App. 1970, 239 So.2d 127; Edwards v. State, Fla.App. 1968, 213 So.2d 274; Groneau v. State, Fla.App. 1967, 201 So.2d 599; Jones v. State, Fla.App. 1966, 192 So.2d 285; Scott v. State, Fla.App. 1962, 137 So.2d 625.
Being a state of mind, intent is usually a question of fact to be determined by the trier of fact. The trier of fact has the opportunity to observe the witnesses. From that observation, the trier of fact may determine the believability of that witness and the weight to be given his testimony. The demeanor of the witness, his frankness, or lack of frankness, his intelligence, his interest in the outcome of the case, and the reasonableness of the testimony presented, in the light of all the evidence in the case, are but a few of those factors which may play a part in making that determination.
Id. at 458.
More recently, the Second District Court of Appeal in State v. J.T.S., 373 So.2d 418, 419 (Fla. 2d DCA 1979), cited our decision in State v. West, supra, and said:
Intent is not an issue to be decided on a motion to dismiss under Rule 3.190(c)(4), Florida Rules of Criminal Procedure, since intent is usually inferred from the acts of the parties and the surrounding circumstances; being a state of mind, intent is a question of fact to be determined by the trier of fact, who has the opportunity to observe all of the witnesses. State v. West, 262 So.2d 457 (Fla. 4th DCA 1972).
A proceeding under Rule 3.190(c)(4) is the equivalent of a civil summary judgment proceeding, and as stated in State v. West, supra at 458:
The trial court may not try or determine factual issues in a summary judgment proceeding; nor consider either the weight of the conflicting evidence or the credibility of the witnesses in determining whether there exists a genuine issue of material facts; nor substitute itself for the trier of the fact and determine controverted issues of fact. (Emphasis added).
See also State v. Norris, 384 So.2d 298 (Fla. 4th DCA 1980).
Sub judice, we hold that appellee's intent was an issue for the triers of fact; consequently, the sworn motion to dismiss should have been denied. Accordingly, we reverse and remand for trial.
REVERSED and REMANDED.
DOWNEY and HERSEY, JJ., concur.