422 So.2d 78 (1982)
STATE of Florida, Appellant,
v.
Charles Roger FRY, Appellee.
No. 81-1687.
District Court of Appeal of Florida, Second District.
November 19, 1982.
*79 Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki and William I. Munsey, Asst. Attys. Gen., Tampa, for appellant.
John D. Fernandez, P.A., Clearwater, for appellee.
SCHEB, Judge.
The state charged Charles Roger Fry with grand theft of his employer's gold. Fry moved to dismiss the charges. The state demurred with specific denials of allegations it regarded as conclusory and added allegations which tended to implicate Fry in the offense charged. The trial court granted the motion and discharged Fry. We reverse.
The pleadings disclosed that Fry and his codefendant, James Bouvier, were close friends and worked for the same company. Bouvier, as head of security, had access to a vault where their employer stored vials of gold paste. Bouvier allegedly removed sixteen such vials and substituted lead slugs for the gold paste. Fry's gold coated thumbprint was discovered on the bottom of one of the sixteen lead slugs.
Fry's motion to dismiss alleged that the case against him was wholly circumstantial. He alleged he had no access to the vault where the gold vials were stored and contended the state was unable to prove that his fingerprint had been impressed under any incriminating circumstances.
The state's demurrer acknowledged that Fry did not have access to the vials of gold paste. Nevertheless, the state pointed out that it could establish that Fry's fingerprint was impressed in gold of the type stolen, that the impression was on the bottom of a lead slug, and that it had been placed there before the lead slug had been substituted for one of the stolen vials of gold paste.
The trial court proceeded to make factual findings and concluded that there was "no evidence whatever ... that the Defendant was a knowing participant in the removal of the gold from the vault by the co-defendant ... or for that matter that he ... was present at the time the crime was committed." Furthermore, "[t]he state's case fails to negate the reasonable hypothesis of innocence that the Defendant touched the lead slug... innocently while the gold was in possession of the co-defendant... ."
We hold the trial court erred in making findings of fact. Fry's motion was filed under Florida Rule of Criminal Procedure 3.190(c)(4), and it is not the trial court's function to make factual determinations in this context. State v. J.T.S., 373 So.2d 418 (Fla. 2d DCA 1979); State v. Rogers, 386 So.2d 278 (Fla. 2d DCA), cert. denied, 392 So.2d 1378 (Fla. 1980). Moreover, *80 it is not the function of the trial court to determine whether the state's evidence excludes all reasonable hypotheses of innocence. State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981). Rather, in considering the motion, the trial court must view the facts in the light most favorable to the state. State v. Green, 400 So.2d 1322 (Fla. 5th DCA 1981).
Construed in the light most favorable to the state, Fry's thumbprint is evidence from which the finder of fact could infer that he had some involvement with the stolen gold. The question of whether the state's evidence excludes any reasonable hypothesis of Fry's innocence is for the finder of fact to determine.
We vacate the order which granted the defendant's motion to dismiss and which discharged him from further prosecution. We remand for further proceedings consistent with this opinion.
HOBSON, A.C.J., and BOARDMAN, J., concur.