PER CURIAM.
Defendant, having pled nolo contendere, now attempts to appeal three issues: (1) whether the trial court properly denied his motion to dismiss; (2) whether the trial court properly required him to pay restitution for an unrelated crime; and (3) whether the trial court properly denied his motion to suppress. We conclude that the trial court did not err in denying the motion to dismiss. It did err, however, in requiring the defendant to pay restitution for an unrelated case. As for the suppression question, we find that we must relinquish jurisdiction so that the trial court may determine whether the legal issue is disposi-tive of the case.
Defendant, a juvenile, pled nolo conten-dere to a charge of grand theft in ease 84-03-CJ (theft of a convenience store), and the state nolle prossed a charge of grand theft in case 84-10-CJ (theft at Peggy Stone’s house) as part of a plea bargain. Defendant expressly reserved the right to appeal the denial of the motions to dismiss and suppress. Thereafter, the court committed the defendant to the Department of Health and Rehabilitative Services, and ordered him to pay restitution for the crime to which he had pled nolo contendere *885 ($102.75) and the unrelated crime that had been nolle prossed ($1200.00).
We first treat the “appealability” of the order denying the defendant’s motion to suppress post-arrest statements and physical evidence. In State v. Ashby, 245 So.2d 225 (Fla.1971), the court approved the practice of pleading nolo contendere conditioned on the right to seek appellate review of a legal, as opposed to a factual, issue. Brown v. State, 376 So.2d 382 (Fla.1979), added a further refinement and held that the legal issue had to be dispositive of the case. Also, the court held that “as a matter of law a confession may not be considered dispositive of the case for purposes of an Ashby nolo plea.” Id. at 385. Later cases, however, have qualified this point by holding that a confession may be disposi-tive of a case if so stipulated by the parties and approved by the trial court. See Oesterle v. State, 382 So.2d 1293 (Fla. 2d DCA 1980); Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980), aff'd, 392 So.2d 1324 (Fla.1981).
The record in the case at bar is, to say the least, ambiguous on whether the legal question raised by the motion to suppress is dispositive of the case. When the defendant first announced his intention to enter a plea of no contest, his attorney said that the defendant was reserving the right to appeal. The trial court responded, “Well, alright but I’m —.” Then the prosecutor interrupted and said, “I don’t care about that.” The court said, “Great. You know, I’m only one fella. I could be wrong so no — I don’t worry about — but as far as disposing of this case at the trial level, I’ll accept your, ... your word that, ... you have — we have the plea.”
The plea was entered several days later. At that time, defense counsel indicated that the defendant was “specifically reserving the right to appeal the Court’s denial of the motion to suppress and the motion to dismiss.” The court then noted for the record that defense counsel “requests for our record to reserve any right she has to appeal the Court’s ruling on any motions that she styled and certainly we’ll give you that right. You have it.”
The state now argues that we cannot review the suppression issue due to the lack of an express finding of dispositiveness. Rather than dismiss this p'art of the appeal, we have decided to relinquish jurisdiction to the trial court for a period of thirty days with directions to hold a hearing to determine whether the ruling on the motion to suppress is dispositive of the case and to advise this court of the conclusion. If the court finds that the ruling is dispositive, the record should be supplemented to reflect this, and we will resume jurisdiction of the appeal. Compare Leisure v. State, 429 So.2d 434 (Fla. 1st DCA 1983), with State v. Carr, 438 So.2d 826 (Fla. 1983).
Next, we turn to the denial of the defendant’s motion to dismiss. The sworn motion, filed pursuant to Rule 3.190(c)-(4), Fla.R.Crim.P., alleged that there were no disputed material facts and that the undisputed facts did not establish a prima facie case of guilt. As the state admits in its brief, the denial of the motion to dismiss is dispositive and, therefore, is a proper issue on appeal after a plea of nolo contendere. Brown v. State, supra.
The motion contends that there was no evidence of felonious intent at the time the defendant took the paper bag with the money from the convenience store. In our view, a motion to dismiss is not the proper vehicle for this attack. This court, as well as other district courts of appeal, have consistently held that intent and knowledge are not proper issues to be decided on a motion to dismiss. State v. Alexander, 406 So.2d 1192 (Fla. 4th DCA 1981); State v. Stewart, 404 So.2d 185 (Fla. 5th DCA 1981); State v. Alford, 395 So.2d 201 (Fla. 4th DCA 1981); State v. Evans, 394 So.2d 1068 (Fla. 4th DCA 1981); State v. McCray, 387 So.2d 559 (Fla. 2d DCA 1980); State v. Rogers, 386 So.2d 278 (Fla. 2d DCA), rev. denied, 392 So.2d 1378 (Fla.1980); State v. Norris, 384 So.2d 298 (Fla. 4th DCA 1980); State v. J.T.S., 373 So.2d *886 418 (Fla. 2d DCA 1979); State v. West, 262 So.2d 457 (Fla. 4th DCA 1972).
We reversed a dismissal in State v. Alexander, supra, and said:
Since the crux of the appellee’s argument rests upon the alleged absence of evidence capable of demonstrating premeditation, it was improper to dismiss the charge against him. Intent is almost always inferred from circumstantial evidence. As such it is not an issue to be decided on a motion to dismiss. The trier of fact has the duty of weighing the evidence, judging the credibility of the witnesses, and ultimately determining a defendant’s state of mind.
Id. at 1194 (citations omitted); but cf. State v. Stenza, 453 So.2d 169 (Fla. 2d DCA 1984) (applying an exception to the general rule). The record in the case at bar is replete with circumstantial evidence from which a jury could reasonably infer intent. Therefore, intent was not a proper issue to be decided on a “(c)(4)” motion to dismiss.
Finally, we turn to the question of restitution for an unrelated charge. The governing principles were set forth in Crowder v. State, 334 So.2d 819 (Fla. 4th DCA 1976), cert. denied, 342 So.2d 1101 (Fla.1977), where we held that a trial judge was not authorized “to require the defendant to make restitution in other unrelated cases for which the defendant has not been convicted.” Id. at 820. We said, however, that “this would not prevent the court from including such conditions in a probation order where the defendant, as part of a plea bargain, acknowledges his responsibility for the other offenses and agrees to make restitution.” Ibid. We followed this rule in Bass v. State, 462 So.2d 572 (Fla. 4th DCA 1985), and voided a restitution provision which was not part of the plea bargain. We reasoned that absent the defendant’s acknowledgement of the theft in the unrelated case and his agreement to make restitution, all as part of a plea bargain, the trial court was precluded from requiring restitution for the nolle prossed charge as a condition of probation.
The record in the case at bar reveals that the defendant acknowledged his part in the theft in the nolle prossed case (84-10-CJ) only after he was told by the trial court that he would have to pay $1200.00 as restitution. The defendant twice tried to say something about the $1200.00, but the trial court cut him off both times. The limited exchange between the court and the defendant indicates that the defendant had not agreed to acknowledge responsibility or pay restitution in case 84-10-CJ as part of the plea bargain. Because the record does not indicate that the defendant, as part of the plea bargain, was to acknowledge responsibility for the theft in 84-10-CJ or agree to pay restitution to Peggy Stone, the requirement to make restitution to Ms. Stone must be reversed.
Accordingly, we affirm the denial of the motion to dismiss, and reverse that part of the trial court’s order which requires the defendant to pay restitution in case 84-10-CJ. Additionally, we relinquish jurisdiction for thirty days for the trial court to determine whether the legal issue in the motion to suppress is dispositive of the case.
DOWNEY, LETTS and HURLEY, JJ., concur.