PER CURIAM.
When this case was last before us,[1] we declined to review the order denying the defendant’s motion to suppress because the trial court, when it accepted the defendant’s plea of nolo contendere, failed to declare that its ruling in the suppression hearing was dispositive of the case. Thus, we remanded the case to the trial court which, after a hearing, determined that its suppression ruling was dispositive. Accordingly, we resume jurisdiction.
Pursuant to Rule 8.130(b)(3), Fla.R. Juv.P., defense counsel filed a motion to suppress oral statements and physical evidence. In accord with the rule of procedure and the dictates of State v. Butterfield, 285 So.2d 626 (Fla. 4th DCA 1973), the motion contained a statement of the reasons for suppression plus a general statement of the facts on which the motion was based. This is significant because it defined the issue for resolution by the trial court.
Essentially, the motion asserted that the evidence should be suppressed because the police failed to readvise the defendant of his Miranda[2] rights when, according to the defense, the police were obligated to do so. The facts in the motion indicated that the defendant had been arrested for larceny and had been advised of his Miranda rights. Thereupon, the defendant began to talk about a different larceny. The defense contended that the police were obligated to stop the defendant and readvise him of his Miranda rights as they pertained to the second larceny. We know of no authority for such a proposition. Accordingly, the order on appeal is
AFFIRMED.
DOWNEY, LETTS and HURLEY, JJ., concur.

. In re S.T.N., 474 So.2d 884 (Fla. 4th DCA 1985).

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).