MINER, Judge,
dissenting.
I respectfully dissent because I believe the trial court erred in construing the language of section 837.06, Florida Statutes, and then using that construction as a basis to grant Ms. Mitchell’s motion for judgment of acquittal.
In its order, the trial court found that the terms “statement,” “false,” and “knowledge” as used in the statute were ambiguous, requiring strict construction. Particularly, the court found that, under the statute, a statement of opinion could not serve as a basis for prosecution since the State could never show that such a “statement” was untrue. Extending this finding further, the trial court concluded that Ms. Mitchell’s statements regarding the completion of the tasks could not “be ‘false’ merely because there was some evidence that the services were not satisfactory or complete.”
I believe the trial court erred in construing section 837.06 and its terms. This statute is clear and unambiguous, and requires no such construction. State, Dep’t of Agriculture and Consumer Services, Div. of Consumer Services v. Quick Cash of Tallahassee, Inc., 609 So.2d 735 (Fla. 1st DCA 1992) (courts do not have the power to construe an unambiguous statute in a way which would extend, modify, or limit its express terms or obvious implications). Section 837.06, Florida Statutes, states:
Whoever knowingly makes a false statement in writing with the intent to mislead a public servant in the performance of his official duty shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. § 837.06, Fla.Stat. Contrary to what the trial court found, in my view, a statement of “opinion” may be the basis for conviction under the statute if the “opinion” is knowingly false. The trial court’s finding in this regard would render the statute meaningless since any statement could be labeled as an “opinion.”
A plain and simple reading of section 837.06 evinces that the State need only prove that the accused knowingly made an untrue statement, in writing, with the intent to mislead a public servant in the performance of his or her official duty. This may be accomplished through the presentation of any relevant evidence, including evidence merely tending to show the falsity of the statement. See § 90.401, Fla.Stat. It is well settled that a defendant’s knowledge and intent are rarely shown by direct evidence and may be proven by circumstantial evidence. State v. Norris, 384 So.2d 298 (Fla. 4th DCA 1980).
Further, the trial court erred in granting judgment of acquittal based on a finding that the State failed to rebut Mitchell’s hypothesis of innocence. Under State v. Law, 559 So.2d 187,189 (Fla.1989), the State need only present evidence that is inconsistent with the defendant’s hypothesis, to wit:
It is the trial judge’s proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state. The state is not required to “rebut conclusively every possible variation” of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events. Once that threshold burden is met, it becomes a jury’s duty to determine whether the evidence is suffi *957 cient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt. [Citations and footnote omitted; emphasis original.]
Here, the State’s evidence showed that Ms. Mitchell signed the approved-for-payment forms, knowing that they would represent to the state comptroller that Electronic Data Systems (EDS) was entitled to payment under the contract. The State’s evidence also showed that the services rendered by EDS were neither satisfactory nor complete at the time Mitchell approved payment. This evidence was inconsistent with Ms. Mitchell’s hypothesis of innocence and, as such, legally sufficient to support the jury’s verdict under Law. Steele v. State, 561 So.2d 638 (Fla. 1st DCA 1990) (when a defendant moves for judgment of acquittal, he or she admits all the facts adduced in evidence and every conclusion favorable to the State that a jury may reasonably and fairly infer from the evidence). I would reverse and remand for reinstatement of the jury’s verdict.