SHAHOOD, J.
Appellant, Brian Deters, pled no contest reserving the right to appeal the trial court’s denial of his sworn motion to dismiss the charge of third degree grand theft, which was filed pursuant to Rule 3.190(c)(4), Florida Rules of Criminal Procedure. Because the issue of felonious intent was appropriately one for the trier of fact, we hold that the trial court did not err in denying the motion, and affirm.
In this case, appellant’s motion to dismiss stated “that the undisputed material facts absolutely fail to present a prima facie showing that Brian Deters did, on August 29,1997, with the requisite specific intent commit a Grand Theft of the subject property of IDIS Corporation.” (emphasis supplied).
As held by this court in S.T.N. v. State, 474 So.2d 884, 885-86 (Fla. 4th DCA 1985):
In our view, a motion to dismiss is not the proper vehicle for this attack. This court, as well as other district courts of appeal, have consistently held that intent and knowledge are not proper issues to be decided on a motion to dismiss. State v. Alexander, 406 So.2d 1192 (Fla. 4th DCA 1981); State v. Stewart, 404 So.2d 185 (Fla. 5th DCA 1981); State v. Alford, 395 So.2d 201 (Fla. 4th DCA 1981); State v. Evans, 394 So.2d *1159 1068 (Fla. 4th DCA 1981); State v. McCray, 387 So.2d 559 (Fla. 2d DCA 1980); State v. Rogers, 386 So.2d 278 (Fla. 2d DCA), rev. denied, 392 So.2d 1378 (Fla.1980); State v. Norris, 384 So.2d 298 (Fla. 4th DCA 1980); State v. J.T.S., 373 So.2d 418 (Fla. 2d DCA 1979); State v. West, 262 So.2d 457 (Fla. 4th DCA 1972).
In this case, there was sufficient conflicting evidence from which a trier of fact could reasonably infer intent. We, accordingly, hold that intent was not a proper issue to be decided on a “(c)(4)” motion to dismiss.
Affirmed.
WARNER, C.J., and TAYLOR, J., concur.