746 So.2d 1126 (1999)
STATE of Florida, Appellant,
v.
Lorette FRANCHI, Appellee.
No. 98-2596.
District Court of Appeal of Florida, Fourth District.
October 13, 1999.
Rehearing Denied December 23, 1999.
*1127 Robert A. Butterworth, Attorney General, Tallahassee, and Gentry Denise Benjamin, Assistant Attorney General, West Palm Beach, for appellant.
J. David Bogenshutz of Law Offices of Bogenschutz & Dutko, P.A., Fort Lauderdale, for appellee.
TAYLOR, J.
The state appeals the trial court's dismissal of the information charging the defendant with aiding the escape of her husband. We reverse and remand for further proceedings.
The defendant's husband, Vincent Carl Franchi, was an escaped prisoner from Pinellas and Manatee Counties. After his escape, Franchi contacted the defendant and requested her assistance. The defendant first consulted with an attorney, Sid Fleischman, for advice on what she could legally do to help her husband. Fleischman advised the defendant that, as the escapee's wife, she would be exempt from criminal liability under the family member exception of section 777.03, Florida Statutes (1997), the "accessory after the fact" statute. However, Fleischman did not advise the defendant concerning her potential criminal liability under section 843.12, Florida Statutes (1997), the "aiding escape" statute.
Thereafter, the defendant helped her husband by obtaining a motel room for him under a false name, bringing him food daily, and bonding him out of the Broward County jail, where he was being held under yet another false name. The defendant was charged by information with aiding escape under section 843.12. She filed a sworn motion to dismiss, pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), asserting advice of counsel as an affirmative defense and attaching Fleischman's affidavit. The state filed a demurrer and motion to strike the sworn motion.
At the hearing on the motion to dismiss, the defendant admitted that her actions satisfied the statutory elements of the aiding escape statute but denied that she had the requisite specific intent to violate the law. She argued that, because section 843.12 is a specific intent crime, mistaken advice of counsel is a valid defense. The state disagreed and contended that aiding escape is a general intent crime, to which the defense of misadvice of counsel does not apply. Upon concluding that section 843.12 requires specific intent and that the undisputed facts established a "misadvice of counsel" defense, the trial court dismissed the information.
Both parties agree that advice of counsel can constitute a valid defense to a specific intent crime. See Huff v. State, 646 So.2d 742 (Fla. 2d DCA 1994). They disagree, however, on whether aiding escape is a general intent or specific intent crime. The state further argues that intent, whether general or specific, is a jury question not properly addressed in a sworn motion to dismiss.
For years the distinction between specific and general intent has spurred debate and caused difficulty in determining the applicability of various defenses.[1] Recently, *1128 the Florida Supreme Court addressed this issue in Frey v. State, 708 So.2d 918 (Fla.1998), deciding whether the defense of voluntary intoxication applies to a charge of resisting arrest with violence. The court explained that it looked to the plain language of section 843.01, Florida Statutes (1997), to determine that resisting arrest with violence is not a specific intent crime. Section 843.01 reads as follows:
Whoever knowingly and willfully resists, obstructs, or opposes any officer ... in the lawful execution of any legal duty, by offering or doing violence to the person of such officer ... is guilty of a felony of the third degree....
Because the statute's plain language does not require any "heightened or particularized" intent, the court concluded that only a general intent to "knowingly and willfully" impede an officer in the performance of his or her duties is necessary.
Under the same analysis, the aiding escape statute fits the general intent label. Section 843.12, Florida Statutes, provides as follows:
Whoever knowingly aids or assists a person in escaping, attempting to escape, or who has escaped, from an officer or person who has or is entitled to the lawful custody of such person, is guilty of a felony of the third degree
. . . .
§ 843.12, Fla. Stat. (1997). The plain language of the statute does not require a heightened or particularized intent beyond the mere intent to commit the act itself or the intent to cause the natural and necessary consequences of the act, i.e., to "knowingly" act. Hence, we conclude that section 843.12 is a general, rather than a specific, intent statute, for which the defense of "misadvice of counsel" is not available.[2]
We next address the state's contention that, even if we were to conclude that the aiding escape statute required specific intent, the trial court nevertheless erred in granting the motion to dismiss, because intent is a jury question, not properly decided on a motion to dismiss. The defendant's motion to dismiss was made pursuant to Rule 3.190(c)(4), which allows for dismissal when "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant...." Fla. R.Crim. P. 3.190(c)(4). In this case, the state did not file a traverse, but a demurrer, essentially conceding that there were no disputed issues of material fact. However, it is well-established that if, based on the undisputed facts, a jury question exists, a(c)(4) motion to dismiss should not be granted. See Deters v. State, 741 So.2d 1158, 1158 (Fla. 4th DCA 1999); S.T.N. v. State, 474 So.2d 884, 885-86 (Fla. 4th DCA 1985). Intent is generally a jury question that usually cannot be ascertained by direct evidence but only inferred from the acts of the parties and surrounding circumstances. See State v. Hart, 677 So.2d 385 (Fla. 4th DCA 1996); State v. Gee, 624 So.2d 284 (Fla. 2d DCA 1993); State v. J.T.S., 373 So.2d 418 (Fla. 2d DCA 1979), overruled on other grounds by D.K.D. v. State, 470 So.2d 1387 (Fla.1985); State v. West, 262 So.2d 457 (Fla. 4th DCA 1972). As we commented in West:
Being a state of mind, intent is usually a question of fact to be determined by the trier of fact. The trier of fact has the opportunity to observe the witnesses. From that observation, the trier of fact may determine the believability of that witness and the weight to be given his testimony. The demeanor of the witness, his frankness, or lack of frankness, *1129 his intelligence, his interest in the outcome of the case, and the reasonableness of the testimony presented, in the light of all the evidence in the case, are but a few of those factors which may play a part in making that determination.
Id. at 458.
Because the defendant's sole theory of defense to the charge of aiding her husband's escape is that she lacked the requisite intent to commit the offense, the trial court improperly resolved this issue on a(c)(4) motion to dismiss. Accordingly, we reverse the order granting the defendant's motion to dismiss and remand for further proceedings.
REVERSED AND REMANDED.
WARNER, C.J. and KLEIN, J., concur.
NOTES
[1] See Justice Harding's concurring opinion in Frey v. State, 708 So.2d 918, 920 (Fla.1998) (citing Linehan v. State, 442 So.2d 244, 246 (Fla. 2d DCA 1983)("The distinction between `specific' and `general' intent crimes is nebulous and extremely difficult to define and apply with consistency."), approved, 476 So.2d 1262 (Fla.1985)).
[2] Other jurisdictions have held similar aiding escape statutes to proscribe general intent crimes. See State v. Tucker, 618 P.2d 46, 48 (Utah 1980); People v. Potts, 55 Mich.App. 622, 223 N.W.2d 96, 101 (1974).