FLETCHER, Judge.
Edwin Baptiste seeks to reverse a final order of conviction for third degree murder and remand for a new trial. We affirm.
The victim, Darrel Knight Sr., became involved in a dispute with individuals who had, earlier in the day, argued with Knight’s teenage sons. Knight called the defendant Baptiste to complain about the altercation. Baptiste picked up a person named Scooter, and together they drove to Knight’s house. When they arrived, Baptiste and Scooter got out of the car, both carrying guns and wearing “skully” caps.[1] As Knight approached them, Scooter pulled his skully cap over his face, raised his gun and shot Knight. Baptiste exclaimed with words to the effect, “you shot the wrong guy.” Scooter and Baptiste ran back to the car and drove away. Scooter remains unknown and uncharged;' Baptiste was charged with first degree murder. A jury convicted him of third degree murder with a firearm.
On appeal, Baptiste asserts that the state failed to prove beyond a reasonable doubt that he knew or intended that Scooter would shoot the victim. However, where there is no direct evidence of intent, it can be inferred from the circumstances and from the defendant’s actions. See Williams v. State, 239 So.2d 127 (Fla. 4th DCA 1970)(explaining that intent, being a state of mind, must in most cases be inferred from the circumstances). Here, the circumstances surrounding the shooting included the defendant’s brandishing a gun upon exiting the car, and his exclamation to the shooter that “you shot the wrong person,” — indicating, of course, that there was a “right” person who was to be shot. This was sufficient evidence from which the jury, as finder of fact, could reasonably infer intent. The state met its burden of introducing evidence inconsistent with the defendant’s theory of innocence. See Toole v. State, 472 So.2d 1174, 1176 (Fla.1985) (holding that the state is not required to rebut conclusively every possible variation of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events). The trial judge correctly denied the defense motion for judgment of acquittal.
Affirmed.

. A skully cap is designed to fit under any kind of helmet or mask. Basically it is a knit cap that can be pulled down to conceal one’s features, often for a nefarious purpose.