915 So.2d 274 (2005)
J.G., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4893.
District Court of Appeal of Florida, Fourth District.
December 7, 2005.
*275 Carey Haughwout, Public Defender, and Frederick A. Mullins, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
J.G., a juvenile, was found guilty of corruption by threat. He contends that the trial court erred in denying his motion for judgment of dismissal on grounds that the state failed to prove that his threatening remarks were made with the intention of influencing a public official's performance. We affirm.
The evidence reflects that J.G. was called into the office of the school nurse, Ms. Randall, and told to either obtain proof he had his shots or to go to in-school suspension. He left in anger and reported to the school suspension room supervised by Ms. Merricks. At the time, there were fifteen to twenty other students present. When J.G. came in, he asked in an angry and loud voice, "Do you know that bald headed lady in the office?" One of the other children responded, "Who you talking about Ms. Randall," to which J.G. responded, "Yes."
J.G. then said, "She's trying me, she's gonna make me do a Grunow on her."[1] Merricks said that she looked up and asked J.G. if he knew what he was saying, and he angrily responded, "Yeah, I know what I'm saying, like the teacher in Palm Beach the boy that killed the teacher in Palm Beach." She testified that he looked like he was ready to do what he said, and she notified the dean. The dean came into the suspension room and talked to J.G. After the dean left, J.G. said "I meant what I said."
Merricks testified that she took what J.G. said as a threat towards Randall. She testified that when she told J.G. he was threatening a school board employee, he said he did not care. The trial court concluded that J.G. intended that Randall be informed of his threat.
At the end of trial, J.G. moved for a judgment of dismissal pursuant to Florida Rule of Juvenile Procedure 8.110(k), which was denied. We apply the same standard to a motion for dismissal under the rules of juvenile procedure as for a motion for judgment of acquittal. J.P. v. State, 855 So.2d 1262 (Fla. 4th DCA 2003). J.G. asserts that the state failed to *276 prove a prima facie case as to the required specific intent that the threat be conveyed.
Florida Statutes Section 838.021, Corruption by Threat Against Public Servant, makes it a felony to harm or to threaten harm with the intent or purpose to influence a public servant[2] to do, or not do, an act within the discretion of the public servant, or in violation, or performance, of a public duty.
It is well-settled that specific intent is rarely shown by direct evidence and is properly left to the trier of fact to glean from the surrounding circumstances. E.g., King v. State, 545 So.2d 375, 378 (Fla. 4th DCA 1989); State v. West, 262 So.2d 457, 458 (Fla. 4th DCA 1972); State v. Jenkins, 522 So.2d 890, 890 (Fla. 2d DCA 1988); Brewer v. State, 413 So.2d 1217, 1219-20 (Fla. 5th DCA 1982).
There is evidence in the record supporting an inference that the statements were not intended as private communications, but that J.G. intended that Randall be informed of his statements. Taking the facts most favorably to the state, the court properly concluded that the state had proven a prima facie case, including the required element of specific intent. Therefore, we affirm.
GROSS and HAZOURI, JJ., concur.
NOTES
[1] Referring to Nathaniel Brazill, a thirteen-year-old boy who shot and killed his teacher, Barry Grunow. See Brazill v. State, 845 So.2d 282, 285 (Fla. 4th DCA 2003).
[2] It is not disputed that the victim, here, is a public servant.